THOMAS D. SLEDGE *v.* PETER BLUM and wife.

Under the Code of Civil Procedure, a Judge may at the instance of the defendant, modify an injunction previously granted, without giving notice. to the plaintiff; but in such case he must found his action merely upon the complaint; and cannot consider the answer, or affidavits on the part. of the defendant.

In case of an appeal from an interlocutory order the Court is confined to a. consideration of the *very* point on which the appeal is taken.

*Semble,* that an injunction granted without requiring a bond is only *irregular,.* and not *void.*

*Also,* that in analogy to the case of mines *already opened,* it is not waste for· an occupant to continue to make brick on premises used for that purpose· when the occupancy commenced.

ACTION for the recovery of land, and for an injunction, heard by *Watts, J.,* upon a motion to dissolve the injunction, theretofore granted, in the Superior Court of WAKE, at Chambers, December 14, 1868.

The complaint showed that the plaintiff had agreed to sell to the defendants the land in question, giving them the right to occupy it, they doing no damage thereto until they should have permission from the vendor; that the defendants entered and had been for some time digging up the soil and making it into brick, whereby the lease became void; that the plain-tiff has demanded possession, &c.

The prayer was for a recovery of the land, and a reasonable rent; and for an injunction. An injunction was granted· accordingly on the 20th of October 1868 and without requiring a bond from the plaintiff.

The answer of the defendants alleged that they had bar-gained for the land from one Russ, and that the plaintiff, knowing it, volunteered to advance the price to Russ, and give them· two years to repay him; that they gladly complied, and there-upon a deed was made to the plaintiff, and he signed the agreement mentioned in the complaint; that at the time when the agreement was made, they had been in possession of the land for some time, and had been making brick upon it, as the·

plaintiff well knew, there then being a kiln of 22,000 brick standing on the land; that the plaintiff knew that they expected to raise the money for the land by making brick on it and gave his consent to the making of the brick made since the agreement, which were only some 4000 or 5000, made out of clay that had been dug from a basement upon the premises; that subsequently the plaintiff had withdrawn his consent.

After the answer had been filed, the defendants moved to dissolve, without giving notice to the plaintiff. His Honor, reciting that the cause came on to be heard before him upon the answer, upon a motion to dissolve the injunction of October 20th 1868; ordered the injunction to be modified so as to allow the defendants to sell their brick on hand at the time such injunction was issued; also that defendants might burn other brick upon the premises, turning them over when burnt to a receiver; and that such receiver sell them and account for their price to the plaintiff.

Upon being notified of this order, the plaintiff appealed therefrom.

*Fowle & Badger*, for the appellant.

*Busbee & Busbee, contra.* cited *Bruce* v. *Conal Co.*, 8 How. Pr. Rep. 440; *Peck* v. *York,* 24 *Ib.* 363; *Smith & Tiff.* Pr. 1, 308; Thompson's Prov. Rem. 334; Hoffman, *Ib.* 340; *Sanford* v. *Granger*, 12 Barb. 392; *Ramsour* v. *Shuler*, 8 Ire. Eq. 304.

PEARSON, C. J. The appeal presents this question : A Judge grants an injunction at chambers without notice to the defendant, upon the complaint filed ; is the same Judge authorized to modify or vacate the injunction, at chambers upon the coming in of the answer, without notice to the plaintiff ? This depends upon the construction of sections 195 and 297 of the Code of Civil Procedure.

Sec. 195. " If the injunction be granted by a Judge of the Court without giving notice, the defendant at any time before trial may apply upon notice to a Judge of the Court in which the action is brought to vacate or modify the same. The,

application may be made upon the complaint or affidavits on which the injunction was granted, or upon the affidavits on the part of the defendant, with or without the answer. "

Sec. 297. " An order made out of Court without notice to the adverse party may be vacated or modified without notice, by the Judge who made it, or may be vacated or modified on notice, in the manner in which other motions are made. "

Our construction of these two sections, taking them in connection, is—where a Judge acting on the complaint without notice to the defendant, grants an injunction, he may afterwards, *acting on the complaint alone,* without notice to the plaintiff modify or vacate the injunction, as irregularly or improvidently granted. But if he goes out of the complaint and takes into consideration the answer and the affidavits filed for the defendants, the plaintiff is then entitled to notice, and may meet the affidavit by counter-affidavits. This makes the two sections fit into each other, and is the only construction by which they can be made to harmonize.

The defendant then took the objection that the injunction ought to be vacated in this Court, because it issued without an injunction bond. This Court is confined in cases of an appeal from an interlocutory order, to the *very point* on which the appeal is taken.

If we were at liberty to notice this objection, we incline to the opinion that although the injunction issued irregularly, yet it is not void, and the Judge has power to put the matter right, by allowing a bond to be filed *"nunc pro tunc;"* in other words we do not consider the injunction bond as a condition precedent, on which the validity of the injunction depends, but as directory to the Judge; and the irregularity may be cured by putting in a bond afterwards on leave.

So, if at liberty to go out of the point made by the appeal, we incline to the opinion that if notice had been given to the plaintiff, so as to authorize the Judge to look into the answer, it discloses ground on which the injunction should not merely have been modified by appointing a receiver, but should have been vacated absolutely; for the answer is responsive to the

complaint, and discloses the fact that the lease for two years (as it is termed in the bill) or, more properly, the right to occupy for two years without rent (*a lease* always implies the pay-ment of rent, if it be but a barley corn) gives to the defendant a right to use the clay for the purpose of making brick, as he had been doing before.

The case falls under the class of cases in regard to working mines that are open at the date of the lease, as distinguished from opening new mines. Upon this however we express no decided opinion.

There is error in the interlocutory order appealed from. Judgment reversed;. Plaintiff is entitled to 'his costs in this Court. This opinion will be certified.

PER CURIAM.                                   Judgment reversed.