WILLIAM RICHARDS *v.* JACOB BAURMAN and WM. SLOAN.

Where an injunction is issued under an order that the plaintiff shall give an undertaking with sufficient sureties in a certain sum as prescribed in the C. C. P., sec. 192, it seems that a deposit in money of the sum named, will be sufficient, but whether so or not, the giving by the plaintiff of the required undertaking before the hearing of a motion to vacate the injunction for the want of it, will supply the alleged defect and prevent the injunction from being vacated on that account.

Where a partnership is formed for a definite term which has not expired, the Court will not decree a dissolution except under special circumstances; neither will it, where circumstances render a dissolution inconvient, as where a large operation has been commenced, which cannot be arrested without serious loss. But, where the Court does order a dissolution, it will appoint a receiver upon a disagreement between the partners in the course of the winding up; and the same rule must apply, where a dissolution has taken place by consent or otherwise, and a serious disagreement arises afterwards.

The case of *Clement* v. *Foster,* 3 Ire. Eq. 213, cited and approved.

This was a civil action for a dissolution of a partnership, an injunction and the appointment of a receiver, heard upon various motions before his Honor, *Judge Logan,* at the last term of the Superior Court of MECKLENBURG. The injunction having been previously granted, a motion to dissolve it was made by the defendants and refused by the Court. A motion for the appointment of a receiver was then made by the plaintiff and ordered by the Court, and the defendants appealed from both orders. The pleadings and proceedings in the case are sufficiently stated in the opinion of the Court.

*Guion* and *Vance & Dowd,* for the defendants.
*Bynum* and *R. Barringer,* for the plaintiff.

RODMAN, J. The complaint alleges that a partnership for buying and selling goods was formed between the parties in the Spring of 1870, (which is probably a mistake for 1867,

the date given in the answer,) on certain terms as to the division of the profits which it is not now material to specify; the agreement was oral merely; and it does not appear to have been distinctly understood, at least it is not stated with precision, whether the partnership included the store in Gaston and the gold mine, or only the store in Charlotte; that the defendant Baurman was the active partner at Charlotte; that among other acts of misconduct, he refused to permit the plaintiff to have access to the books of the concern; that he was making way with the assets and was insolvent; and prays a dissolution of the partnership, an account, an injunction against the defendant Baurman, and the appointment of a receiver to wind up the partnership. The answer of Baurman denies or explains the acts of misconduct alleged, and imputes others to the plaintiff; he admits the partnership on the terms alleged; that he has the exclusive possession of the property in Charlotte, as partner, and as bailee of the Sheriff who had levied an execution against the plaintiff on his interest in the goods; that he has refused to permit the plaintiff to carry a part of the goods to Gaston County; he says that in July, 1870, it was agreed that the partnership should be dissolved in January, 1871. It is not necessary to refer particularly to the answer of Sloan.

The affidavit of one Welsh, exhibited in support of the complaint, tends to prove that Baurman put little or no money in the concern. On hearing the complaint on 26th November, 1870, the Judge granted the injunction on condition that the plaintiff should give an undertaking such as the Code requires, in the penal sum of one thousand dollars. The plaintiff instead of entering into an undertaking with sureties, deposited one thousand dollars with the Clerk of the Court in lieu of it. Afterwards he filed an undertaking with sureties dated on the day on which the injunction order was made. The defendants on 4th December, moved

to vacate the injunction, which the Judge refused, and appointed a Receiver, from which order the defendants appealed.

1. The defendants contend that the injunction order should be vacated, because the plaintiff did not comply with the condition. It is true that an undertaking on obtaining an injunction, is not one of those for which the letter of C. C. P. allows a deposit of money to be substituted.

We are inclined, however, to think, that it would come within the spirit of the Code, inasmuch as we know of no reason why it could not be as effectual a security to the defendant as an undertaking with sureties. But we are not called upon to decide this question, as an undertaking with sureties was filed before the order of the Judge refusing to vacate the injunction, which is the one appealed from. For what end should the original order have been vacated when the plaintiff was in a condition to have immediately applied for another ?

2. The more important question, however is, whether considering the allegations in the pleadings, and taking them along with the affidavit of Welsh at what they may fairly be supposed to be worth, they establish such a case as entitles the plaintiff to the relief demanded. The first demand of the plaintiff is for a dissolution of the partnership ; and as it was not entered into for any fixed period of time, it was dissoluble at the will of either. Pothier on Partnership, 149. Moreover, it was actually agreed to be dissolved at a time which has now passed. We think, therefore, the plaintiff is entitled to that. His right to an account also, and to an order for the sale of the partnership property and a winding up of the affairs, is not disputed.

In respect to the circumstances under which a Court of Equity will take the partnership effects out of the hands of the individual partners and appoint a receiver, respectable text writers seem to have drawn somewhat different conclu-

sions from the same authorities. Story's Eq. Jur. S. 672, a, says : " But the Court will not appoint a receiver or manager, at the instance of one of the partners in a suit which does not seek to dissolve the partnership ; nor in one which does upon an interlocutory application, and merely upon evidence that the partners do not co-operate in the management of the business. *To justify such an appointment it must be shown that one partner has interfered so as to prevent the business being carried on.*" This section is by the editor, Mr. Redfield. Parsons says, (1 Pars. Cont. 197,) "If the bill seeks to correct in some way the proceedings of a firm, but not to dissolve it, it is not usual to appoint a receiver, although this might be done. But if the prayer is to dissolve the partnership, it is usual to appoint a receiver."

In considering the passage quoted from Story, it is difficult to conceive what application the last sentence can have in a case where the partnership is already dissolved, and the only business to be carried on is the winding up. It seems almost certain that the learned editor did not have in his mind a case like this. The conclusion we have come to, upon a consideration of many of the numerous cases bearing indirectly on the particular question before us, is this.

When a partnership is formed for a definite time, which has not expired, the Court will not decree a dissolution except under special circumstances ; neither will it where circumstances render a dissolution inconvenient, as where a large operation has deen commenced which cannot be arrested without serious loss. (See Pothier on Partnership, 149-157.) But when the Court does grant a dissolution, it will appoint a receiver upon a disagreement between the partners in the course of the winding up ; and the same rule must apply where a dissolution has taken place by consent or otherwise, and a serious disagreement arises afterwards. It is true that none of the cases go in distinct and positive terms quite as far as this. They all stand on their particular

facts, and in most of them, either the plaintiff desired a continuance of the partnership, and for the Court to enforce the performance of its terms by the aid of a receiver, or circumstances made a dissolution inopportune and inequitable, and the Courts *for these reasons* declined to decree one, or to appoint a receiver, leaving it to be implied that in the absence of these reasons, they would do so. The following authorities may be consulted: *Clement* v. *Foster*, 3 Ire. Eq. 213; *Hall* v. *Hall*, 3 E. L. & E. R. 191; *Roberts* v. *Eberhart*, 23 Id. 245; *Littlewood* v. *Caldwell*, 11 Price 97, 3 Daniel, ch. Pr. 1965; *Speight* v. *Peters*, 9 Gill (Md.) 472; *Martin* v. *Van Schaick*, 4 Paige, ch. R. (N. Y. 479;) *Law* v. *Ford*, 2 Paige 310; *Williamson* v. *Wilson*, 1 Bland 423; *Birdsall* v. *Colie*, 2 Stock, ch. R. (N. J.) 63; *Harding* v. *Glover*, 18 Ves. 281.

In *Martin* v. *Van Schaick*, the partnership was in a political newspaper, and had been dissolved by consent. The Chancellor says "if the partners cannot agree among themselves, it is a matter of course to appoint a receiver, upon a bill filed to close the partnership concerns, on the application of either party." In *Renton* v. *Chaplain*, 1 Stock ch. R. 70. "On a dissolution by death (and the principle is the same on any dissolution) the surviving partner settles the affairs of the concern, and the Court of Chancery will not arrest the business from him and appoint a receiver, *unless confidence be destroyed* by his mismanagement or improper conduct."

In *Speight* v. *Peters*, the Court say, "In a variety of instances, especially in partnership transactions, where the parties, after a dissolution of their connection, cannot agree upon the adjustment, and the property or funds in dispute are in the hands of one partner alone, each having an equal right to the control of the property, cases must necessarily arise where the interest of both can only be properly secured by the intervention and appointment of a receiver." And, further, that it is not necessary that the fund should be in

imminent peril. "But in respect of a fund which is claimed and is *prima facie* the proceeds of a partnership, it is but a provident exercise of equity power to place the property under the care of the Court."

In the case before us it sufficiently appears that there has been an entire loss of confidence between the parties, and that mutual feelings are such as to render co-operation in the winding up of the business impracticable. From the affidavit of Welsh it appears, sufficiently for the present decision, that the defendant Baurman put but little capital into the concern; he has the exclusive possession of the effects at Charlotte, and denies to the plaintiff an equal control over them. We think these circumstances justify the appointment of a receiver who will proceed to wind up the partnership under the direction of the Court.

The judgment below is affirmed, and this opinion will be certified to the Superior Court of Mecklenburg, in order that it may proceed to take an account between the partners, and give other proper relief according to its course.

PER CURIAM. Judgment affirmed.