F. C. MILLER *v.* DAVID PARKER, and others.

It is error to grant an injunction without requiring the plaintiff to give the bond required by C. C. P., sec. 192.

(*Sledge* v. *Blume*, 63 N. C. Rep. 47 ; *Hirsh* v. *Whitehead*, 65 N. C. Rep. 516 cited and approved.)

PETITION for an injunction, tried before *Eure, J.,* at Chambers in PERQUIMANS county, April 15th, 1875.

The plaintiff instituted an action against the defendants upon certain notes secured by deeds in trust, and moved the Court for an order restraining the defendants from selling the real estate conveyed by the trust deeds, under a prior deed in trust, until the equities of the several parties might be adjudged. As the case was decided in this Court upon a rule of practice it is unnecessary to state the facts further than set forth in the opinion of the Court.

The Court below allowed the motion for an injunction, and the defendants appealed.

*Smith & Strong*, for appellant.
*J. A. Moore*, contra.

BYNUM, J. The case is here on the appeal of the defendant from the order of the Court below, granting an injunction to the hearing.

The objection is raised that the order of injunction was irregularly made because no undertaking was required by the Court or given by the plaintiff preliminary to the order; and for that irregularity a motion is now made by the defendants to vacate the order of injunction.

The objection is well taken and in apt time. The statute, C. C. P., section 192, is peremptory: "Upon granting an order for an injunction the Judge *shall require, as a condition precedent* to the issuing thereof, that the clerk shall take from the plaintiff a written undertaking, with sufficient sureties," &c. The Court, therefore, is not at liberty to disregard a mandatory statute of great importance in the due administration of justice, and which was intended for the protection of parties against the abuse of the process, when the objection is properly brought to the attention of the Court. *Sledge* v. *Blume*, 63 N. C. Rep., 274; *Hirsh* v. *Whitehead*, 65 N. C. Rep., 516.

On the argument here it was suggested that the undertaking might be filed in this Court, in which case the Court would not vacate the injunction order on that account. The case of

*Richardson* v. *Bauman*, 65 N. C. Rep., 152, gives support to this suggestion, but as the undertaking has not been filed or tendered here, the effect it would have upon the motion to vacate, cannot be considered.

As the order appealed from will be reversed and the case go back for further proceedings in the Court below, it may be proper to suggest that the causes set forth as the ground for the injunction seem to be insufficient. It cannot be pretended that the legal rights of creditors can be made to depend upon seasons, crops or the money market. For aught we know all these may be more unpropitious in the fall than they now are, and the plaintiff's condition worse. Nor is the solvency of the trustee, of itself, a sufficient cause for an injunction; but the non-residence of the trustee is a sufficient cause for his removal and the substitution of another trustee; for where the distribution of the fund is in dispute, the trustee should be within the jurisdiction, and under the control of the Court. So also, if it is suggested and made to appear that loss and injury are likely to befall a party in interest from the conduct or qualification of the trustee he will be removed from his office.

As all the parties in interest are before the Court, it is suggested that a sale of the land should be made, under the direction and by a trustee appointed for the purpose, and in such lots as will yield the most money. A reference can then be made as to the proper disbursements of the proceeds of sale and on exceptions to the report filed by the parties aggrieved, their rights will be regularly presented for the decision of this Court.

The interesting questions raised by the different modes of probate and registration of the two deeds of trust are not without difficulty, but are not now properly before us.

PER CURIAM.                  Order vacated and case remanded.