*MARK YOUNG v. W. W. ROLLINS and others.

*Jurisdiction—Contempt Proceeding—Injunction and Receiver.*

1. The jurisdiction of this court over "issues of fact," under article four, section eight of the constitution, is restricted to interlocutory and final judgments which are exclusively equitable in their nature, and which a court of equity as a distinct and separate tribunal could alone render, under the former system.

2. In a proceeding for contempt, the facts found by the judge are conclusive, and this court can only pass upon their sufficiency to warrant his judgment.

3. An order appointing a receiver of a defunct corporation with power to receive into his possession all the effects of the company, and also investing him with the usual rights and powers of receivers, involves the correlative duty of delivering the same to him by the late officers of the company in whose hands the funds are, although not expressly required in the decretal order.

4. The three year limitation in reference to the appointment of receivers under Rev. Code, ch. 26, §6, does not apply here.

5. A receivership continues as long as the court may think it necessary to the performance of the duties pertaining thereto.

6. The validity of an injunction is not affected by a failure to require an indemnity bond to accompany it; nor is a party for that reason justified in disobeying the mandate, but if aggrieved, his remedy is in a motion to dissolve.

7. Upon the facts found, it was held that this is a case of manifest disregard of the directions of the court, and in law, a contempt of its authority.

(*Jones* v. *Boyd*, 80 N. C., 258; *Pain* v. *Pain, Ib.*, 322; *Biggs Ex-parte*, 64 N. C., 202; *Cromartie* v. *Commissioners*, 85 N. C., 211; *Von Gluhn* v. *DeRosset*, 81 N. C., 467; *Sledge* v. *Blum*, 63 N. C., 374; *Richards* v. *Baurman*, 65 N. C., 162; *Miller* v. *Parker*, 73 N. C., 58, cited and approved).

CONTEMPT PROCEEDING heard at chambers in Morganton on the 12th of September, 1883, before *Graves, J.*

This was a motion to attach the defendants W. W. Rollins and C. M. McLoud for contempt, and to require them to make a sworn statement and inventory of their receipts and disbursements of

*Mr. Justice MERRIMON having been of counsel, did not sit on the hearing of this case.

the funds, and their entire transactions in reference to the affairs
of the railroad company, as set out in the opinion of this court,
and to require them to pay over to the receiver, B. F. Long, the
sum of $23,250, alleged to be in their hands. The motion was
based upon the affidavit of the receiver and others.

From the judgment finding the respondents guilty of con-
tempt and imposing a fine, and directing payment to the receiver,
the respondents appealed.

*Messrs. W. M. Robbins* and *Hinsdale & Devereux*, for plaintiff.
*Messrs. D. Schenck* and *J. H. Merrimon*, for defendants.

SMITH, C. J. After due notice of an intended motion and
the issue of an intermediate temporary restraining order, before
obtaining which the plaintiff was required to execute and did
execute a bond with sureties in the sum of one thousand dollars
for the indemnity of the defendants, the following interlocutory
judgment was rendered in the cause at chambers, on June 15th,
1880, by the judge then presiding at the several superior courts
of the eighth district.

On reading the affidavits filed in this action on the part of the
plaintiff and defendants, and being debated by the counsel re-
spectively for the plaintiff and defendants, it is considered by
the court that Benjamin F. Long be appointed a receiver, to
take into his possession all the choses in action and effects of
every kind, belonging to the late corporation, known as The
Western Division of the Western North Carolina Railroad Com-
pany, upon his entering into an undertaking in the sum of
twenty thousand dollars payable to the state of North Carolina,
with two or more sufficient sureties, to be approved by the clerk
of the superior court of McDowell county.

That upon the filing of such undertaking and its approval by
the said superior court clerk, the said Benjamin F. Long, as
such receiver, shall be vested with the usual rights and powers
of receivers under this court, and shall have power to receive

into his possession all the effects and choses in action belonging to the late corporation (The Western Division), and to sue for and recover all such effects and choses in action lately belonging to said corporation, and to do all other things proper as such receiver.

That the defendant W. W. Rollins and the other defendants named in the plaintiff's affidavit as directors of the said Western Division, be enjoined and restrained from disposing of, in any manner, the effects and choses in action belonging to the said late Western Division until the final hearing of this action.

The bond required of the receiver was executed, as appears from its date, on July 1st, 1880, and is justified by several sureties at different times afterwards, the last justification being on March 25th, 1882, four days after which it was filed in the office of the superior court clerk of McDowell and by him examined and approved.

It was for an alleged violation of this mandate that a rule was granted the plaintiff upon affidavit against the defendants W. W. Rollins and C. M. McLoud, returnable on September 12th, 1883, at Morganton, before *Graves, J.*, requiring them to "answer and show cause why they should not be attached for contempt of court, for disobedience to, and refusal to comply with the orders of the court," and why they should not pay over to the receiver the sum of $23,250, alleged to be in their hands, and such other effects of the company, with the books and papers relating thereto, of which they have possession or control.

The rule was answered in an elaborate explanatory statement, upon consideration of which and of affidavits produced in support and opposition, the judge rendered judgment, finding the facts and declaring the law as follows:

This motion was made at Newton, in the county of Catawba, on the 29th day of August, 1883, the plaintiff and defendants being present and represented by counsel, and was continued to be heard at Morganton this day, and the motion being now renewed, and being heard upon affidavits and answers and argument of counsel;

It is considered and declared to be the facts that the restraining orders heretofore made by Judge Avery were duly served upon the respondents, and that the said respondents had notice of the restraining order and injunction made in this case by Judge Gilmer.

It is further found and declared to be the facts that in November, 1881, the said respondents did dispose of a number of bonds of the said property and effects of the said Western Division of the Western North Carolina Railroad Company for the sum of $23,250, and that they applied of the said sum so by them received, the sum of $12,372 to discharge the debts for which said bonds were pledged, and they received in cash $10,878.

It is, therefore, adjudged and decreed to be a fact that the said respondents have wilfully disobeyed the orders of the court heretofore made, enjoining and restraining them from transferring or disposing of the effects belonging to the Western Division of the Western North Carolina Railroad Company.

It is further declared to be the facts that the said receiver of the said Western Division of the Western North Carolina Railroad Company, Benjamin F. Long, appointed by order of Judge Gilmer, gave bond and sureties duly approved, and that afterwards, on May 12th, 1883, he demanded of the said respondents to account for and pay over to him, as receiver as aforesaid, all sums of money due and owing to the said Western Division of the Western North Carolina Railroad Company.

And it is further declared to be the fact that the said respondents, W. W. Rollins and C. M. McLoud, have failed and refused to pay over the money in their hands due and belonging to the said Western Division of the Western North Carolina Railroad Company to the said receiver.

It is, therefore, adjudged and declared that the said respondents have wilfully disobeyed the restraining orders heretofore made in the cause, and it is ordered and adjudged that the said respondents, W. W. Rollins and C. M. McLoud, be each fined one hundred dollars for such disobedience.

It is further ordered and adjudged that the said respondents, W. W. Rollins and C. M. McLoud, pay into the office of the clerk of the superior court of McDowell county, on or before the Monday of the second week of fall term, 1883, of said court, the sum of $10,378, with interest thereon from the 12th day of May, 1883; and it is further ordered that upon the paying into office of the said sum, the clerk of the said court shall pay the same over to the said B. F. Long, receiver as aforesaid. It is further ordered that the said respondents pay the costs of this proceeding, to be taxed by the clerk of the said superior court of McDowell.

It is further considered that the findings herein made are for the purposes of this motion, and that the several findings and orders herein made shall not in any way prejudice the said receiver, B. F. Long, or the said respondents, C. M. McLoud and W. W. Rollins, in any subsequent motions or proceedings for further accounting between the parties, but as to all subsequent proceedings each party shall proceed as advised.

From this judgment the respondents appeal to the supreme court.

It is adjudged that the respondents' appeal bond for costs of the appeal be fixed at the sum of $25.

It is further ordered that the respondents give bond in the sum of $11,000, with sufficient sureties, to be approved by the clerk of the superior court of McDowell county, to abide by and perform the judgments rendered in this cause.

The first inquiry to be met is as to the character of and effect of the finding of facts by the court, and whether upon the appeal we can examine and pass upon the evidence in their support. It is contended in argument that this is an interlocutory order made in a case cognizable in a court of equity under our former system, and the appeal requires us to determine the facts as well as the law, as is held in *Jones* v. *Boyd*, 80 N. C., 258. Taking this view, the respondents' counsel has discussed very

fully the affidavits which were before the judge in the court below.

We recognize the interpretation put upon the amendments introduced into the constitution by the convention of 1875 by the ruling in that case, but we do not consider the present appeal within the principle. This is not one of those interlocutory orders in furtherance of the objects of the suit which we review in full under the enlarged jurisdiction conferred.

A proceeding for contempt, to vindicate the rightful authority of the court and to compel obedience to its lawful commands, is incidental to a course of judicial proceedings, but opens a new issue with those against whom it is directed. It is a function not confined to a court of equity, but possessed also by a court of law, and is essential to the full exercise of jurisdiction by both. *Pain* v. *Pain*, 80 N. C., 322.

If the appeal from the ruling was in a case before a court of law, it is plain we should be bound by the facts found and could only review matters of law arising out of them: why should a different practice prevail where the cause is pending before a court of equity? While we have but one form of action, we are compelled to recognize the former distinction to some extent, in order to give practical operation to the constitution, while it is equally necessary, as far as practicable, to preserve uniformity in actions instituted and prosecuted under the present system.

There should be one and the same rule observed in exercising jurisdiction over appeals from orders, which a court of law was a scompetent to make as a court of equity, in a suit before it, and hence, to avoid confusion and conflict, we are constrained to restrict the jurisdiction, as enlarged, to judgments final as well as interlocutory, which are exclusively equitable in their nature, and which a court of equity as a distinct and separate tribunal could alone formerly render, and upon appeals in such cases we must look into the evidence, written and embraced in the transcript, and therefrom determine the facts as well as the law arising from them.

In case of a fine or commitment for a contempt in the presence of the court, and punitory in its effect, no appeal is allowed; yet the particulars of the offence—in other words, the facts upon which the judge acts—must be set out in the record in order to a review of the exercise of judicial power by this court, when the record is brought up, as it may be by a writ of *certiorari*. THE CODE, §650; *Biggs, Ex-parte*, 64 N. C., 202.

Where the fine or commitment is not punitory merely, but coercive and to enforce obedience to the orders of the court, made in the progress of the action, an appeal lies at once, but there is the same necessity that the facts should be found to enable the appellate tribunal to revise the exercise of the power and determine its lawfulness. *Cromartie* v. *Commissioners*, 85 N. C., 211, and cases cited.

In the absence of any adjudication, and we have found none to the contrary, our conclusion is that the facts found by the judge upon evidence are binding upon the appeal and we can only inquire if they are sufficient to warrant his judgment.

The validity and force of the order restraining the respondents from making any disposition of the bonds of the defunct corporation in their possession and directing their transfer to the receiver, are assailed on various grounds, as well as the present proceeding consequent upon the alleged violation of the mandate.

1. The refusal to account with and pay over the effects of the company to the receiver is justified on the ground that this is not expressly required in the decretal order.

It is true those words are not contained in the mandate, but the receiver is invested "with the usual rights and powers of receivers" and specially with power "to receive into his possession all the effects and choses in action" of the dissolved company, and this involves the correlative duty of delivery by the respondents, one its late president, the other a director; for how can the receiver get possession when the respondents to whom the command applies withholds it? Not only is the delivery

directed (for a suit was not contemplated when full redress could' be afforded between the parties already before the court), but any other disposition of them is restrained.

2. It is urged that the order was operative only upon the execution of the prescribed bond, and this being completed and delivered only on March 29th, 1882, the lapse of three years after the corporation ceased to exist, the appointment became a nullity under the statute. Rev. Code, ch. 26, §6, as explained in *Von Glahn* v. *De Rosset*, 81 N. C., 467.

But the receiver's appointment was made more than two years previous, and his office does not cease until he shall have performed all the duties devolving upon him, for the statute expressly provides for its remaining "as long as the court shall think necessary for the purposes aforesaid," that is, until the resources of the corporation are called in and recovered.

If it were otherwise, a defendant sued need only prolong and put off the trial of an action until the time had elapsed, to escape altogether from liability for a debt. The demand was. made after the bond was given, and consequently when the receiver was vested with all the rights and powers conferred by the order. But a sufficient answer to the objection is found in the fact that the act annulling the Western Division company appoints the Western North Carolina company its trustee and receiver, and upon its ceasing to exist, the appointment is of necessity and but a substitution of another in place of a corporation receiver, which had ceased to exist under the provisions of the act of March 29th, 1880, as held in the former appeal, reported in 85 N. C., 485.

3. It is next objected that an indemnifying undertaking is an indispensable prerequisite to the issuing of an injunction, C. C. P., §192, and none being required in the order, it was ineffectual and void.

Without passing upon the question whether the bond given upon the issue of the previous preliminary order extends to that which continued the restraint, as argued for the appellees, it is

a sufficient answer to the objection that respondents were before the judge when it was made, and while they appealed from it, it was not upon the ground that it was defective in this respect, and the validity of the order was upheld in this court.

But the absence of the requirement for an indemnity does not render the order void so that its commands may be violated with impunity. While it remains it must be obeyed, and, if irregular, vacated or corrected by an application to the authority that made it.

In reference to such an order, it must be obeyed as long as it exists, and the remedy of an aggrieved party must be found in a motion to dissolve and not in setting it at defiance. His only safe course is to obey until the order is set aside. 1 Whit. Prac., §104.

In *Sledge* v. *Blum*, 63 N. C., 374, PEARSON, C. J., expressed the opinion that an injunction issued without bond is not void, though irregular, and that a bond may be filed *nunc pro tunc*, and the irregularity cured.

In *Richards* v. *Baurman*, 65 N. C., 162, the bond was given before the motion was passed on to vacate, and it was held to remove the grounds for the motion in this respect.

In *Miller* v. *Parker*, 73 N. C., 58, the order was vacated upon the peremptory demands of the statute, because no such bond of indemnity had been given.

But none of the cases which we have been able to find in our own reports sustain the proposition that the order for an injunction is a nullity unless preceded or accompanied with such bond; nor has any, except that of *Pell* v. *Lander*, 8 B. Monc. (Ky.), 554, decided elsewhere, been called to our attention. This case is in its features exceptional, as it was an attempt to arrest a sale under execution, and the officer chose to obey the mandate in the writ. It cannot be regarded as establishing a general principle.

We prefer to adhere to the rule which disallows a violation of a judicial order while it remains, and compels a party affected by its operation to make a direct application for its reformation or vacation.

4. Assuming the facts as found to be true, it is a case of mani-fest disregard of the directions of the court, and in law a con-tempt of its authority which fully warrants the action of the judge.

We cannot listen to considerations of policy and the motives which promoted the effort to obtain supposed advantages to those interested in the funds in this known disregard of the orders. The court, for reasons adjudged sufficient, commanded this fund to be retained and paid over to the receiver, and this the respond-ents should have done and then asked for an allowance of any claim they may have against it. It is the most imperative duty of a court, when it makes a lawful order, to compel obedience; and a judicial tribunal would be useless, if it failed to exercise its power, for most practical purposes.

Upon a review of the case we find no error, and this will be certified to the court below.

No error.                                                    Affirmed.