M. O. JAMES et al. v. EUGENE S. WITHERS, Trustee, et al.

*Injunction—Sale of Land Under Deed of Trust—Rights of Heirs—Administrator—Injunction Bond—Infant Parties.*

1. Where J. conveyed real estate and personalty to G., taking in return the latter's bond secured by a deed of trust on the land, and after the death of J., who left no estate excepting the bond, G. reconveyed the property to the heirs and next of kin of J. in consideration of the surrender of his bond, and a public administrator, having qualified as administrator of J., requested the trustee to sell the property under the deed of trust and the heirs of J. brought suit to enjoin the sale, alleging that there were no debts, the sale will be enjoined until by a reference it may be ascertained whether there are any debts due by the intestate's estate and the amount thereof, if any, as well as the charges of administration, and an opportunity given to the plaintiffs to pay the same to the administrator; whereupon, in case of such payment, a decree may be had for the cancellation of the deed of trust and a division of the property among the owners, and in case of default in such payment the injunction may be dissolved and the trustee directed to sell.

2. In such case, if it should appear from the reference that there are no debts due by the intestate's estate, there should be a decree directing the cancellation of the deed of trust upon the payment of the administration charges only, for the trustee will be entitled to no commission if there be no sale.

3. The requirement of section 341 of *The Code,* that a plaintiff shall give an undertaking before an injunction can be granted, is mandatory.

4. The simple naming of "the children of Alexander James and the children of Calvin James" as plaintiffs does not have the effect to make them parties as required under the rules of practice in the Superior Courts (17 and 16 Clark's Code, p. 724), which point out the proper mode by which minors may sue or answer.

JAMES v. WITHERS.

This was an APPEAL from an order made by *Winston, J.*, at Chambers granting a restraining order until the further order of the Court. The facts appear in the opinion of Associate Justice MACRAE.

*Messrs. W. W. King* and *Glenn & Manly*, for plaintiff.
*Messrs. Stack & Bickett*, for defendant (appellant).

MACRAE, J.: The action is brought by the plaintiffs, heirs at law and next of kin of C. W. James, deceased. On the 20th of January, 1892, the said C. W. James was seized and possessed of a tract of land and certain personal property in the county of Stokes, the same as that described in the affidavit of plaintiff; on said day the said C. W. James conveyed the said real and personal property by deed in fee-simple and absolutely to one J. S. Grogan for the expressed consideration of $2,450, and upon the same day the said Grogan and his wife conveyed the same property to the defendant Eugene Withers by deed of trust to secure the payment of a bond made by said Grogan to said James for $2,350, due July 20, 1895, with interest payable annually on the 20th of July at eight per cent. per annum; the condition of said deed of trust was "that if said J. S. Grogan shall fail or neglect to pay the interest on the said bond as the same may hereafter become due, or both principal and interest at the maturity of the said bond, or any part of either, then, on the application of said C. W. James, his assignee, or other person who may be entitled to the money due thereon," the trustee should sell the property, retain the usual compensation received by trustees for making such sale, pay off and discharge the bond and interest, and pay the balance to said J. S. Grogan. On August 18, 1892, James died intestate possessed of the said bond for $2,350, and no other property.

On April 26, 1893, before the first installment of interest fell due, the said Grogan and wife, for the expressed consideration of $5, sold and conveyed all of the said real and personal property to "the heirs at law of C. W. James, deceased," in fee-simple and absolutely.

The plaintiffs allege in their affidavits that the true consideration for said deed was that, as said Grogan was unable to pay the said debt, was insolvent and under arrest, the property was to be conveyed to them, and the bond representing its purchase price was to be surrendered to said Grogan, and that the bond was so surrendered, and that some of the heirs at law took possession of the property for all of them.

Afterwards, on July 3, 1893, W. F. Campbell, the public administrator of said county, after the expiration of six months from the death of said James, duly administered upon his estate, and, after the first installment of interest upon said bond fell due and was not paid, notified the trustee Withers to advertise and sell the property according to the terms and stipulations of the said deed of trust and pay so much of the proceeds of sale as might be necessary to satisfy said bond and interest, to him, the said administrator; and the said trustee has advertised said property for sale.

Thereupon this action is brought by M. O. James, Pleasant James, William James, R. A. Neal, Frances Odell and "the children of Alexander James, deceased, and the children of Calvin James, deceased, heirs at law and next of kin of C. W. James, deceased," against Eugene S. Withers, trustee, to enjoin said sale, and have the deed of trust canceled of record, and for such other relief, etc..

The defendant and W. F. Campbell, the administrator, file affidavits in reply to that of the plaintiff M. O. James. The defendant in his affidavit denies that any part of the debt secured by the deed of trust has been paid, alleges

that the administrator has served notice upon him to advertise and sell under the terms of the trust, and admits that he has advertised the property for sale.   He further charges that the alleged settlement and surrender of the bond in discharge of the debt by plaintiffs was unauthorized and officious, and that the conveyance to them by Grogan and wife is void; that the real consideration was that plaintiffs would stop certain criminal proceedings against said Grogan; that plaintiffs, who are in possession of said property, are insolvent, and that their object is to cheat and defraud him out of his commissions under the trust.

The administrator Campbell files an affidavit admitting that he has taken out letters of administration; that upon taking an inventory he found no assets, except the debt of $2,350 due his intestate by a lost note, secured by the deed of trust as aforesaid, alleging further that the Commissioners of Stokes county have presented him the paper, which reads as follows: "We, the undersigned heirs at law of C. W. James, deceased, do hereby agree and consent that all expenses incurred by the county of Stokes in having the stomach of the·said C. W. James analyzed, including the charge made by the chemist who analyzes the same, may be paid by the personal representative or administrator of said James, deceased, out of our distributive shares of his estate, and that a receipt to said administrator for said expenses may be and shall be a valid voucher for him in the administration of said estate.   This 5th day of September, 1892."   (Signed by M. O. James, R. A. Neal, William James,. Pleasant James and Frances Odell).   And that the estate of his intestate owes $11.25 for taxes, which sum the Sheriff of Stokes county has called upon him to pay; and he further avers that he does not know whether there are any other debts against the estate, because twelve months have not yet elapsed since his advertisement for

the presentment of claims to him; and that in order to pay off the indebtedness of the estate and the charges of administration, and in order that the intestate's estate may be distributed according·to law, he has called upon the trustee to sell, and the sale has been advertised; and he further avers that the plaintiffs promised to pay off the charges against the estate and the charges of the county of Stokes, but that they now refuse so to do, and that their object is to cheat and defraud the county of Stokes out of its just and lawful claim and to deprive the administrator and trustee of their reasonable and lawful charges and commissions, and that any agreement between the plaintiffs as heirs at law of C. W. James, deceased, was in their own wrong and void as to the rights and privileges of said administrator.

It appears that there are minor heirs and distributees of the estate of the said deceased, who have not been made parties to this action. The simple naming of "the children of Alexander James and the children of Calvin James" as plaintiffs does not have the effect to make them parties. The rules of practice in the Superior Courts (17 and 16 Clark's Code, p. 724, and cases there cited) point out the proper mode by which minors may sue or answer. And it appears further that the injunction order was granted by his Honor without requiring the plaintiffs to give the undertaking required by section 341 of *The Code.*.

The law fully provides for the administration of the estates of deceased persons, the collection of the assets, the payment of the expenses and of the debts of the intestate, and the distribution of the balance among the next of kin. See chapter 33, Vol. 1 of *The Code.*

The husband or widow, the next of kin in the order of degree, the most competent creditor residing within the State, or any other person legally competent, may have letters

granted to them; and when six months have elapsed from the death of the decedent and no letters have been applied for it is the duty of the public administrator to apply·for and obtain them.

No one, generally speaking, has a right to meddle with the assets (not even the distributees) except the personal representative. When letters are granted the rights of the administrator relate back to the death of the intestate. Schouler on Executors, secs. 238, 239 ; Iredell on Executors, p. 375; *Whit* v. *Ray*, 4 Ircd., 14; *Brittain* v. *Dickson*, 104 N. C., 547.

In this instance all of the assets consisted of a bond for $2,350, secured by a deed of trust upon the real and personal property named. The equity of redemption as to this property was vested in J. S. Grogan, who conveyed it all to the heirs at law of C. W. James, who were also the distributees of his personal estate. These heirs at law undertook to surrender the bond, and, as we have seen, this they had no right to do. But they took the property into their possession and succeeded to all the rights of the trustor Grogan therein.

The administrator claims the right to collect the debt upon the bond by requiring the trustee to sell, and pay to him the proceeds of sale, or such part thereof as will satisfy the bond with interest. If the trustee proceeds with the sale he must pay off and satisfy the amount due upon the bond, after first retaining his reasonable compensation for making the sale, and the surplus, if any there be, he must pay over to the plaintiffs and other *heirs at law* of C. W. James, who are the assignees of J. S. Grogan.

The administrator, having received the sum in payment of the bonds secured by the trust, must first retain his commissions; second, pay the debts of his intestate, if there be any debts; and next, pay over to the persons who are

entitled to the same as distributees of his intestate, and these are the plaintiffs and the minors who have not been made parties to this action. The distributees, plaintiffs, say there are no debts to be paid, and that to sell the property, in which the distributees alone are interested, at the present time will work to them an irreparable injury, and that as the proceeds of the sale of the property to satisfy the bond will belong to them they "prefer to retain the property without a sale; and they therefore ask that the sale be enjoined and the deed of trust canceled.

The trustee answers that he is called upon by the administrator to sell, and that he is entitled to his commissions upon the sale.

The administrator files an affidavit alleging that *there are* debts to be paid and that he has no assets to pay them unless there is a sale by the trustee and the proceeds thereof paid over to him.

The mutual charges of fraudulent intent seem to be more in the nature of expletives than allegations upon which questions or issues will be raised.

There is a serious controversy, then, as to whether any debts are outstanding against the estate of the intestate. If the $11.25 claimed to be owing for taxes is assessed upon the land it does not constitute a charge upon the personal estate, which the administrator is required to pay. The agreement signed by some of the distributees, plaintiffs, expresses no consideration, and does not appear to us to be a debt due by the intestate's estate. If the administrator has funds in hand to be distributed it would be a good voucher to him if he should pay over to the county the sum directed therein to be paid. The time has not elapsed, however, for the presentation to the administrator of claims against the estate, and at this stage the question is an open one, whether there are debts of the estate to be paid by the administrator.

The plaintiffs would have been entitled to the injunction if they had given the undertaking pursuant to section 341 of *The Code*, or they would have been permitted to file their undertaking here and now, if they had offered to do so in this Court.  But the statute is mandatory.  An injunction cannot be granted without an undertaking.  *Miller* v. *Parker*, 73 N. C., 58.  The injunction order must be dissolved, but the plaintiffs may apply again below, and the injunction should be ordered upon the giving of an undertaking in such sum as may be fixed by the Judge.

In order that the rights of all parties in interest may be determined the minors, next of kin of the intestate, should be made parties, and guardians *ad litem* or next friends appointed to represent them and care for their interests; and the administrator should also be made a party defendant.

If, upon the pleadings being filed, it becomes necessary there should be a reference to ascertain whether there are any debts of intestate's estate, and the amount thereof, if any, as well as the sum which will be due for charges of administration.  When all parties in interest are before the Court and the indebtedness of the estate ascertained, and charges of administration, if it should be to the interest of all parties a decree may be proper, giving to the plaintiffs a day before which they may pay the same to the administrator; and thereupon a decree may be made for the cancellation of the deed of trust and a division of the property among the owners thereof.  On failure by plaintiffs to pay to the administrator whatever it may be found should be paid to him, the injunction should be dissolved and the trustee directed to proceed.  If there should be no debts owing by the estate, the plaintiffs being entitled to the proceeds of sale as distributees, and being also the owners of the equity of redemption, there should be a judgment

31

directing the cancellation of the deed of trust upon the payment of the charges of administration. If there should be no sale under the deed of trust, the trustee will have earned no compensation.

The order of the Court below is reversed as improvidently made, as no undertaking was required. The plaintiffs are allowed to apply again for an injunction, to be granted upon the filing of an undertaking in such sum as the Judge below may fix.                           It is so ordered.