MARGARET M. McKAY v. L. B. CHAPIN.

*Injunction— Trespass— Cutting Timber—Injunction Bond.*

1. An allegation, in an action for an injunction, that defendant is insolvent and is cutting down timber trees on plaintiff's land and hauling them off and threatens to continue to do so, to the irreparable damage of the plaintiff, is sufficient, if true, to authorize an injunction and the appointment of a receiver.
2. Since the enactment of Chap. 401, Acts of 1885, it is not necessary to allege the insolvency of the defendant in an application for an injunction when the trespass is continuous in its nature or consists in the cutting or destruction of timber trees.
3. A restraining order issued without a bond from plaintiff, as required by section 341 of *The Code*, is irregular, but not void.
4. Although a bond in an application for a restraining order is mandatory, the irregularity in the writ without bond is cured by the subsequent execution of a proper undertaking, which will be allowed, even in this court.

MOTION to continue a restraining order granted by *Mc-Iver, J.,* at Chambers, February 8, 1896, and for the appointment of a receiver heard before him at Chambers, in Littington, N. C., on February 8, 1896. The defendant filed a counter affidavit denying the material allegations in plaintiff's affidavit, and moved to vacate said restraining order, on the ground that no complaint had been filed showing facts sufficient to entitle the plaintiff, or that the affidavit filed, if true, was not sufficient to entitle plaintiff to relief. His Honor refused the motion, and defendant excepted. The defendant then moved to vacate said restraining order on the ground that said order had been improperly granted, for the reason that it was issued without requiring as a condition precedent the filing of an undertaking, indemnifying defendant against such damage as he might sustain by reason of the issuing of said order.

His Honor refused said motion, and signed the order

continuing the restraining order until the final hearing in this cause, and for the appointment of a receiver, and the defendant excepted and appealed.

*Mr. W. E. Murchison*, for plaintiff.
*Messrs. L. B. Chapin* and *F. P. Jones*, for defendant (appellant).

CLARK, J.:  The allegation that the defendant is insolvent and is cutting down timber trees on plaintiff's land and hauling them off, and threatens to continue to do so, to the irreparable damage of the plaintiff, is sufficient, if true, to authorize an injunction to issue, and the appointment of a receiver. *Dunkart* v. *Rinehart*, 87 N. C., 224; *Lumber Co.* v. *Wallace*, 93 N. C., 22. Indeed, it is not now necessary to allege insolvency in such case. *Ousby* v. *Neal*, 99 N. C., 146; Acts 1885, Ch. 401. There is no alllegation or exception that the defendant tendered the bond authorized by Acts 1885, Ch. 94; *Lewis* v. *Lumber Co.*, 99 N. C., 11; besides, the act vests the acceptance of such bond from the defendant in the discretion of the court.

It is true, the restraining order shoud have issued without filing the undertaking required by the Code, Sec. 341, but this renders the order irregular, not void. *Sledge* v. *Blum*, 63 N. C., 374. The subsequent granting of the injunction to the hearing upon the execution of a proper bond renders it now of no import that the restraining order was irregularly granted, without the preliminary bond. While the bond is mandatory, if the plaintiff offers to supply it this will be allowed even in this court. *James* v. *Withers*, 114 N. C., 474; *Miller* v. *Parker*, 73 N. C. 58, 60.

No error.