**STANDARD BONDED WAREHOUSE CO. v.
COOPER & GRIFFIN, Inc.**

District Court, W. D. North Carolina.
Jan. 26, 1929.

Stewart, McRae & Bobbitt and T. C. Guthrie, all of Charlotte, N. C., for plaintiff.

John M. Robinson, of Charlotte, N. C., for defendant.

### Findings of Fact.

HAYES, District Judge. (1) That at the time of the institution of this action Cooper & Griffin, Inc., was indebted to the plaintiff for storage charges on cotton, which had been released prior to the bringing of this action, in the sum of $3,485.49.

(2) That at the time of the institution of this action Cooper & Griffin, Inc., had on storage with the plaintiff in its warehouse 97 bales of cotton.

(3) That at the said time there had been issued by the plaintiff to Cooper & Griffin, Inc., negotiable warehouse receipts for the said 97 bales of cotton, and the said receipts had been transferred by Cooper & Griffin, Inc., to the American Trust Company as collateral security for the payment of a note, copy of which is attached hereto, marked exhibit A, and made a part hereof, all of the said warehouse receipts being identical, except for the description of the cotton repre-

sented and the date. A copy of one of said warehouse receipts is hereto attached, marked Exhibit B, and by reference made a part hereof.

(4) That the defendant, Cooper & Griffin, Inc., is and was a nonresident corporation of the state of North Carolina, having been duly chartered, organized, and doing business under and by virtue of the laws of the state of South Carolina, and having a branch office in the city of Charlotte, state of North Carolina, and was engaged in the business of buying and selling cotton.

(5) That in the United States District Court of America, in and for the Western District of South Carolina, in equity, in an action therein instituted by the Erlanger Cotton Mills Company, complainant, against the said Cooper & Griffin, Inc., defendant, D. E. McCuen and George P. Robinson were appointed receivers of Cooper & Griffin, Inc., upon a bill of equity filed by the said complainant in their behalf, and in behalf of all other creditors, which appointment was made by his honor, H. H. Watkins, United States District Judge in and for the Western District of South Carolina, on the 23d day of August, 1928, a copy of which order is filed in the above-entitled action, and is hereby referred to, and the said receivers duly qualified as such.

The foregoing facts are agreed to and the court finds the following additional facts:

(6) The court finds that the transcript of the record certified to this court by the clerk of the superior court of Mecklenburg county, N. C., is correct, and embodies in its findings of fact all facts which are disclosed by that record, from which it appears, among other things, that the summons was issued on the 5th day of September, 1928, and the complaint was filed on that date. The restraining order was signed by Hon. W. F. Harding, judge of the superior court, resident judge of the Fourteenth judicial district of North Carolina, having jurisdiction to grant the order; that the summons, restraining order, and the attachment papers were served by the sheriff of Mecklenburg county of the American Trust Company, Cooper & Griffin, Inc., and the Standard Bonded Warehouse Company on September 5, 1928, and that the notice of levy on the warehouse certificates was served by the American Trust Company, the holder of the certificates, on September 12, 1928.

(7) That the sheriff served the summons, restraining order, and the attachment papers on the American Trust Company and Cooper & Griffin, Inc., first, and then served the same papers on the Standard Bonded Warehouse Company, at which time he made levy on the cotton, as shown by his return.

(8) The sheriff did not actually take the cotton into his physical possession, but the manager in charge of the Standard Bonded Warehouse told him that he had the 97 bales of cotton there in the warehouse, and agreed to hold it there subject to the order of the sheriff and the court, and the sheriff did not see the cotton, or do anything else with respect to identifying it or taking it into his actual custody.

(9) On September 5, 1928, the American Trust Company had the original warehouse receipts for 97 bales of cotton belonging to the defendant, which were in storage in the warehouse of the plaintiff, but between that date and September 12 the American Trust Company sold 48 bales of cotton and applied the said proceeds as a credit on the note, Exhibit A, which constituted a credit of $3,805.48 on September 8, 1928, and the remainder of the cotton, with the exception of 12 bales, which is still in storage, was sold by consent of the parties, and the proceeds held by the American Trust Company to abide final judgment of this court, after discharging the liability of Cooper & Griffin, Inc., to the American Trust Company, that may be determined by provisions contained in Exhibit A.

(10) That the American Trust Company, after paying the amount of the note, Exhibit A, still retains $2,495.75, but it claims that by the provision set out in the note, Exhibit A, it has a right to apply said proceeds in payment of any liability of Cooper & Griffin, Inc., to it, and that it is surety for Cooper & Griffin, Inc., to the Southern Railway Company for freight charges in the penal sum of $2,000, and that Cooper & Griffin, Inc., has failed to pay said sum, and that it has been called on to pay the amount of its said bond; but the court does not now pass on the right of the American Trust Company to retain said $2,000, and leaves that question for later determination.

(11) The storage charges now due on the 12 bales of cotton in the warehouse of plaintiff is $38.75, and the plaintiff is entitled to 25 cents per month per bale for storage charges, so long as the cotton remains in its warehouse.

(12) That J. M. Vanhoy is secretary-treasurer of the Standard Bonded Warehouse Company, and saw in the newspaper an account of the appointment of the receivers by the United States District Court in South Carolina for the defendant Cooper & Grif-

fin, Inc., some two weeks before the issuance of the summons, restraining order, and attachment papers in this cause, but had no other knowledge of such appointment, and commenced this proceeding as the result of what occurred in South Carolina.

(13) The defendant, Cooper & Griffin, Inc., served notice of a motion to remove this cause from the superior court of North Carolina to the United States District Court for the Western District of North Carolina, to be heard September 13, 1928, on the ground that the amount in controversy exceeded $3,000, that plaintiff was a citizen of North Carolina and the defendant a citizen of South Carolina, and the order of removal was made September 13, 1928, and the order to show cause why the injunction should not be made permanent was returnable before the superior court judge on September 14, 1928.

(14) The court finds the sale and disposition of the proceeds of the cotton by the American Trust Company to be as set forth in the statement filed by Mr. Davenport, which is marked Exhibit D.

(15) In the course of plaintiff's evidence, defendant handed the court the two motions, referred to as Exhibits E and F, but the attorney for the defendant stated he had some motions to dissolve the restraining order and dismiss the attachment about the time the case was called for trial.

(16) That the bill in equity and the answer in the case of Erlanger Cotton Mills Co. v. Cooper & Griffin, Inc., and upon which the order appointing the receiver was made, are as set out in Exhibits G and H.

(17) That D. E. McCuen and George P. Robinson qualified as receivers on August 25, 1928.

(18) That on October 10, 1928, D. E. McCuen and George P. Robinson, receivers, filed a petition for ancillary receivership; the petition is marked Exhibit I, and made a part hereof; and on the same date an order was entered in this court appointing said parties as ancillary receivers, said order being marked Exhibit J and made a part hereof.

(19) That on October 10, 1928, the receivers filed a petition to be substituted as parties defendant in this cause; the petition is marked Exhibit K and made a part hereof; and on the 10th day of October, 1928, the order of substitution was entered in this court; the order is marked Exhibit L and made a part hereof.

(20) That the plaintiff on September 28, 1928, filed with the receivers in the District Court of the United States for the Western District of South Carolina a paper writing with respect to the indebtedness due it, and which was the subject-matter of this litigation; the paper writing is marked Exhibit M and is made a part hereof, and this paper writing was filed in consequence of a notice from the receivers that, unless claims were filed within a certain date, they would not be permitted to participate in the disposition of the funds of Cooper & Griffin, Inc.

(21) There is no record or evidence to show that the clerk of the court approved the bond before issuing the restraining order. The bond was filed, with J. M. Vanhoy as surety, and justified to before the deputy clerk of the superior court of Mecklenburg county, prior to the service of the restraining order, and no motion to dissolve the order, or question on account of the bond has been made, until the calling of this case for trial in this court. After the institution of this action, and the service of the order, the summons, and attachment papers, it was agreed by the parties that the cotton might be sold and the proceeds held to abide the further orders of the court; and all of the cotton was sold, with the exception of the 12 bales which is now in the warehouse of the plaintiff.

(22) That no hearing has been had to make permanent the restraining order granted by Judge Harding.

### Opinion of the Court.

During the hearing it was conceded by the plaintiff that it was not entitled to a lien as warehousemen against the cotton in its possession with respect to the $3,485.49 which was due it for storage for cotton, the possession of which it had parted with.

The appointment of receivers by the District Court of the United States for the Western District of South Carolina for Cooper & Griffin, Inc., in the proceedings in equity, did not vest title in them to the property of the defendant situated in the Western District of North Carolina, and as such receivers they could not gain possession of the property without being appointed ancillary receivers in the District Court of the United States for the Western District of North Carolina, or without proceeding under the direction of the court to obtain the transfer of title from the defendant. Lion Bonding Co. v. Karatz, 262 U. S. 77, 43 S. Ct. 480, 67 L. Ed. 871; Morrill v. American Reserve Bond Co. (C. C.) 151 F. 305; Fowler v. Osgood (C. C. A.) 141 F. 20, 4 L. R. A. (N. S.) 824.

Under the statutes of North Carolina a warehouseman is entitled to a lien for storage of goods. Consolidated Statutes, § 4067.

But other remedies are not excluded. Consolidated Statutes, § 4075. The statute likewise makes provision for the negotiability of warehouse receipts. Consolidated Statutes, §§ 4077 to 4089, inclusive.

Consolidated Statutes, § 4065, is as follows:

"If goods are delivered to a warehouseman by the owner or by a person whose act in conveying the title to them to a purchaser in good faith for value would bind the owner, and a negotiable receipt is issued for them, they can not thereafter, while in the possession of the warehouseman, be attached by garnishment or otherwise, or be levied upon under an execution, unless the receipt be first surrendered to the warehouseman or its negotiation enjoined. The warehouseman shall in no case be compelled to deliver up the actual possession of the goods until the receipt is surrendered to him or impounded by the court."

It is contended by the defendant that the attachment proceedings in this case are invalid, because the negotiation of the receipt had not been restrained prior to the issuance and service of the attachment proceedings. The object of this section is to prevent attachment proceedings against goods in warehouses, where negotiable receipts are out in circulation, in order to prevent the public or persons who might purchase the same from the necessity of defending attachment proceedings against the goods represented by such receipts.

In this case the receipts were in the possession of the American Trust Company as collateral security for a debt of the defendant, and the rights of an innocent third party have not arisen. The receipts were not negotiated, and the defendant had an equity in them. Moreover, the court restrained the holder of the receipts and the defendant, Cooper & Griffin, Inc., from negotiating them, and this restraining order was served on them before the cotton was levied on under the attachment by the sheriff. The sheriff did not levy on the warehouse certificates or the receipts until September 12th, seven days after the restraining order had been served.

It is contended that the order of Judge Harding is not an injunction; that the American Trust Company and Cooper & Griffin, Inc., were required to appear on September 14th and show cause why they should not be permanently enjoined from negotiating the warehouse receipts, and were only temporarily restrained, pending the hearing of September 14th; but on the 13th of September the defendant procured removal of the cause from the superior court of North Carolina to the United States District Court for the Western District of North Carolina, and never thereafter made any motion to vacate the order until this case was called for trial at this term.

Consolidated Statutes, § 848, is as follows:

"No restraining order, or order to stay proceedings, for a longer time than twenty days shall be granted by a judge out of court, except upon due notice to the adverse party; but the order shall continue and remain in force until vacated after notice, to be fixed by the court, of not less than two nor more than ten days."

The court is of the opinion that the order of Judge Harding, in view of section 848, Consolidated Statutes, is a sufficient compliance with section 4065, constituting it an injunction; it operating to prevent the holder of certificates from disposing of them, except under order of the court, and whether the same be called a restraining order or injunction, the spirit of the law has been accomplished by the order in the cause.

It is further urged by the defendant that the order of Judge Harding is of no effect, because his order required a bond in the sum of $500 to be filed and approved by the clerk, and that there is nothing to show that the clerk approved the bond. Bond in the required amount was filed and justified to by the surety before the deputy clerk of the superior court of Mecklenburg county, and while he did not make a formal entry, showing he approved the bond, the fact that he took verification and delivered the papers to the sheriff, to be served, warrant the inference he did approve it. It was admitted before the court that the bond is solvent.

The Supreme Court of North Carolina, under Consolidated Statutes, § 854, requiring a bond, has held that the validity of an injunction is not affected by the failure to require indemnity bond to accompany it, nor is a party for that reason justified in disobeying a mandate, but, if agreed, his remedy is in a motion to dissolve. Young v. Rollins, 90 N. C. 125. Failure to give the required undertaking is merely an irregularity, which will be cured by the subsequent execution thereof. McKay v. Chapin, 120 N. C. 159, 26 S. E. 701.

Since the defendant failed to move to dissolve the restraining order, and consented to a sale of the cotton in question, and to let the proceeds abide the final orders of the court, the defendant is too late in moving

now to dissolve the restraining order, or to contend that it was of no effect on account of the bond not being approved by the clerk, and the court will not dissolve the restraining order or dismiss the attachment proceedings at this late date.

It is urged by the defendant that the attachment proceeding is not valid, because the sheriff did not actually see the cotton at the time he attempted to levy on it, and did not take it into his custody, or do anything to identify it, so as to place him in the constructive possession of it. The 97 bales of cotton were on storage in the warehouse of the plaintiff on the 5th of September, 1928, at the time the sheriff attempted to levy thereon, and the American Trust Company had in its possession 97 warehouse receipts or certificates, which gave the weight and the description of each bale of cotton, and it was known to the plaintiff, to the American Trust Company, to the defendant, and to the sheriff that he was levying on these 97 bales, and on the 12th of September that he was levying on the receipts calling for these 97 bales, of cotton. The secretary and treasurer told the sheriff that he had this cotton in his warehouse, and agreed to hold it there for the sheriff to abide the orders of the court. The court is of the opinion that this is sufficient control or custody to meet the requirements of a levy and attachment proceedings under the laws of the state of North Carolina.

As the appointment of receivers in equity by the District Court in South Carolina did not vest title to them in the property of the defendant in North Carolina, and the defendant was indebted to the plaintiff in the sum of $3,485.42, growing out of contract, for storage charges, and the defendant was a foreign corporation, the plaintiff had the right to attach the property of the defendant, and did attach it, and acquired a lien against the equity of the defendant to this property, after satisfying the sums legally due the American Trust Company, who held the certificates as collateral security for the indebtedness of the defendant to it.

The defendant contends that the appointment of the ancillary receivers by this court on the 10th of October, 1928, had the effect of recognizing the appointment of the receivers by the District Court of South Carolina on the 25th day of August, 1928, and that, when these ancillary receivers were appointed here, this appointment had the effect of dating back and taking effect as of August 25th; but the court is of the opinion that the lien acquired by the plaintiff by virtue of his

attachment could not be divested by any such method.

An order will be entered in conformity with this.