WM. B. BELL v. HASTY CHADWICK and others.

An injuction, restraning defendants from working turpentine trees, when the answer meets every material allegation of the complaint, and the mischief complained of is not irreparable, will be dissolved upon the hearing of the complaint and answer.

(*Thompson* v. *Williams*, 1 Jones Eq. 176, cited and approved.)

This was a CIVIL ACTION, applying for an injunction to restrain the defendants from working turpentine, &c., on a certain piece of land, heard by *Clark, J.,* at Chambers in CRAVEN county, Nov. 13th, 1873.

The plaintiff alleged that he was the owner in fee of a certain tract of land in Craven county, describing it, and that the defendants trespassed upon a portion of it, destroying its value by getting turpentine, injuring the timber and committing waste generally. He further charged, that the defendants are insolvent, and do not own enough property to make an exemption for one person ; that he had commenced already a suit against them for the trespass and damages, which action is pending; but that he is remediless in the premises, unless he is granted a writ of injunction to restrain the defendants from further trespass, as they are utterly unable to pay the damages already committed, &c.

His Honor granted the restraining order until the coming in of the answer.

The defendants appeared and answered the complaint, stating that they only claimed a portion of the land described in the plaintiff's complaint, which they purchased, and occupy under a deed from one Amos Wade, who purchased it at a trustee sale by one Pierce. That since their purchase, they have worked the land and have made turpentine upon it, but they have in no way injured it or cut any timber or trees therefrom. Believing themselves to be the true owners, they have exercised their right to make turpentine, as the former owners did. That the land claimed by the plaintiff is the most

valuable part of their tract, and is necessary for the support of themselves and families, and that they are greatly distressed by reason of the injunction issued at the suit of plaintiff. The defendants further state, that they are poor, with little or no property except their land; that they honestly pay their debts, owe little or nothing and are not insolvent.

Upon filing their answer, the defendants moved to dissolve the injunction. And his Honor being of opinion with them, allowed the motion and vacated the order before given. From this judgment, the plaintiff appealed.

*Houghton,* for appellant.
*Seymour,* contra.

SETTLE, J. The affidavit, upon which the injunction was obtained, is defective and insufficient. But assuming that the answer of the defendants waived that objection, we will consider the case upon its merits.

All the authorities say that Courts of equity are slow to move by injunction to restrain trespass, and will never do so unless it is apparent that but for such interference, the injury will be irreparable, and where no redress can be obtained at law.

Of the many cases which have been before this Court seeking to restrain, by injunction, the working of turpentine orchards, few have been sustained, and in every case, cited by the plaintiffs's counsel, in support of the present application, the injunction was dissolved.

It should be a very clear case of trespass, and irreparable mischief, to justify a Court in crippling the industry of the country, and preventing the full development of our resources.

In this case the answer of the defendants meet every material allegation of the complaint, in what appears to be a candid manner.

They claim title to the land in dispute, and set forth their claim of title—admit that they are working their turpentine

orchard, with prudent care, but deny that they are destroying, or cutting timber of any kind therefrom; and they say, that although poor, they pay their debts and liabilities as they accrue, owe but little, and are not insolvent. The facts in this case are not unlike those in *Thompson* v. *Williams*, 1 Jones Eq., 176, which was a contest between the parties for the possession of land, each claiming the legal title, the defendant being in possession and using it in the ordinary course of agriculture.

In that case, NASH, C. J., says, "If, in such a case, a defendant can be enjoined, we see no reason, why, in every case, where he is a poor man, possessed only of the land for which he is contending, he may not be stopped by an injunction from opening and clearing the ground."

The judgment of the Superior Court, dissolving the injunction theretofore granted, is affirmed.

PER CURIAM.                              Judgment affirmed.