H. E. McCORMICK and others v. C. D. NIXON and others.

*Injunction— Waste.*

1. Where plaintiff, claiming the ownership of certain land, brings an action to recover the same and (as auxiliary to the main relief) seeks to enjoin the defendant in possession from cutting timber and turpentine trees thereon for building and fencing, he must *show* that the defendant is unable to respond in damages for such injury.

2. Where the plaintiff's affidavit merely alleges the defendant's insolvency on information and belief, and the defendant denies the allegation, supporting his denial by affidavits of the sheriff and county surveyor, the injunction will not be continued to the hearing.

(*Thompson* v. *Williams*, 1 Jones Eq., 176 : *Gause* v. *Perkins*, 3 Jones Eq., 177, cited and approved.)

MOTION by defendants to dissolve an injunction, heard at Chambers on the first day of April, 1880, before *Eure, J.*

The action in which this motion was made is pending in the superior court of Cumberland county. The motion was granted and the plaintiffs appealed.

*Messrs. Guthrie & Carr*, for plaintiffs.
*Mr. N. W. Ray*, for defendants.

DILLARD, J. The plaintiffs claim to be owners of the two tracts of land described in the complaint, and they seek in their action to recover damages for a trespass thereon against C. D. Nixon and his co-defendants, alleged to consist in the entering upon and the building of a cabin on said land and in the cutting down and splitting into boards and rails of one hundred timber trees.

Upon the institution of the suit, an injunction pending the action was applied for and an order to show cause was granted at a time named, with a temporary restraint in the meantime, upon the allegation that the lands trespassed

upon were chiefly valuable for turpentine and timber pur-
poses, and that the acts done and the threatened contin-
uance of the same were an injury irreparable, as amounting
to a destruction of the substance of the estate, and such as
defendants could not answer for in damages on account of
their insolvency.    At the return day of the rule to show
cause, the defendant, Nixon, admitted the said alleged acts
of trespass as done by his co-defendants by his authority
and justified on the ground of a claim of title in himself,
and denied insolvency and averred his ability to pay ten
times more than the value of the whole land over and above
all exemptions.

Affidavits were filed on each side and the material facts to
be gathered therefrom and from the admissions of defendants,
are, that the defendants entered upon the *locus in quo* and
built the cabin and cut the timber-trees alleged, and threat-
ened to continue such acts; and as to the alleged inability
of defendants to pay damages, that fact was averred by the
plaintiffs only on *information and belief* and no evidence was
adduced in support, whilst the defendant Nixon, confessing
his liability to pay the damages, should any be recovered,
averred that he was able to pay much more than the value
of the whole land independent of his exemptions and sup-
ported himself as to his worth by the evidence of the sheriff
and surveyor of the county, who testified to his reputed
solvency to the extent of from three to five thousand dol-
lars, exclusive of exemptions and all liabilities.    Upon this
showing the court below refused to continue the injunction
to the hearing, and the question is, was there error in the
refusal.

There was undoubtedly jurisdiction in the court in the
course of the action, the title to the *locus in quo* being claimed
both by plaintiffs and by the defendant Nixon, to take care
of the property in controversy until the question of the
title could be tried and settled, provided the acts threatened

were of such character as to work an irreparable injury. But the kind of injury to justify such interposition, as decided in our state, is not created by the mere fact of the building of the cabin and cutting and splitting into rails and boards the timber-trees as distinguished from ornamental trees, which would be a ground of injunction in the English law, but to become such, there must be the further fact of not being compensable in damages by reason of the insolvency of the trespasser. This rule of non-interference in cases like the one under consideration, without insolvency disabling the party to answer in damages, is established by divers cases in this court, pre-eminent among which are the cases of *Thompson* v. *Williams*, 1 Jones Eq., 176, and *Gause* v. *Perkins*, 3 Jones Eq., 177. In the latter case, the injury was alleged to consist in the fact of the defendant's being about to commence to box and work the trees for turpentine, and to cut down and rive the timber into staves on land fit only for those products, just as the land in one case is valuable only for turpentine and timber purposes, and it was held not to be a case of irreparable injury without the additional fact of inability to respond in damages. And the decision, ever since recognized as good law, was put on the ground of justice to the party, and of public policy which favors the use to which lands are adapted as a means of developing the resources of the country.

The rule established by these cases applies to the question presented for our determination and furnishes a guide to us. Here, the plaintiffs have one of the essentials to the special injunction they sought to have continued to the hearing in the building of the house and the cutting and splitting of the timber-trees, and the other necessary fact of insolvency is stated to exist with no positiveness but only from information and belief, and that without any statement of the facts on which their belief is founded or proof of the truth thereof, either by themselves or others. This fact is a con-

stituent in the plaintiffs' equity to have the injunction, and it was their business to have proved it, or at least shown a probability of its truth, as they might easily have done, if Nixon was in fact or by reputation insolvent. But supposing the allegation on information and belief, unsupported, to be sufficient *prima facie,* the defendant Nixon denies it and avers his ability outside his exemptions to pay ten times more than the value of the whole land in controversy, and he establishes, by the oath of the sheriff and surveyor of his county, his reputation to be that of a solvent man from three to five thousand dollars exclusive of exemptions and all liabilities. Upon the state of the proofs laid before His Honor as to this essential fact in the alleged case of irreparable injury, it does not seem to us that he erred in refusing to continue the injunction to the hearing. The case made is a controversy over the title with the defendants in possession and making that use of the land for which it is fit, and the plaintiffs furnish no evidence to establish or excite a suspicion of insolvency in Nixon.

There is no error and the judgment of court below is affirmed. Let this be certified.

No error.                                                     Affirmed.