HENRY DUNKART v. WILLIAM RINEHART and others.

*Injunction—Cutting Trees.*

1. An injunction will not be granted to prevent the cutting and carrying away of walnut trees, unless, from the insolvency of the alleged trespasser, compensation in money cannot be had.

2. An allegation of insolvency is essential to the granting of an injunction except in special cases, in which the injury will be irreparable even though the defendant is solvent.

(*McCormick* v. *Nixon*, 83 N. C., 113; and the cases there cited; *Troy* v. *Norment*, 2 Jones Eq., 318; *Purnell* v. *Daniel*, 8 Ired. Eq., 9, cited, distinguished and approved.)

MOTION for injunction heard at chambers in Asheville on the 14th of March, 1882, (in an action pending in HAYWOOD Superior Court) before *Gilliam, J.*

The plaintiff in his complaint alleges that on the 23d of February, 1881, the defendant, Rinehart, sold to him a number of walnut trees standing on the land of said defendant,

in the county of Haywood, and at the time of the sale reduced the contract of sale to writing, a copy of which is as follows:

I, William Rinehart, of Waynesville, N. C., agree to sell unto Henry Dunkart of Asheville, N. C., any of my black walnut trees, not exceeding fifteen in number, that will girt eight feet six inches, at the following prices, to wit, all trees measuring eight feet six inches in circumference and under ten feet, at $2,00 each, and all trees measuring ten feet in circumference and upwards, at $2,50 each. I also agree to give the necessary right of way through my land to get said timber to the public road.

That he then paid Rinehart sixteen dollars in part payment for the trees, and is ready and willing to pay such balance as may be due.

That the defendants, McCracken and Herren, have entered upon said land and are cutting timber, and threatening to fell and carry away the plaintiff's trees, claiming the right to do so under a contract of purchase of the said land by one Boyd from the defendant Rinehart, and the assignment of his right, evidenced by a bond for title, to said McCracken, who is in possession, and has made a pretended sale of the timber to said Herren; and that one or the other of them has paid only one half of the purchase money to Rinehart, and no deed of conveyance for the land has been made by Rinehart to Boyd, or either of the said defendants.

That Rinehart at the time of entering into said contract of purchase, informed Boyd and the defendant McCracken that he had sold the said walnut trees and received from the plaintiff sixteen dollars of the price.

The defendants admitted that the plaintiff had paid sixteen dollars to Rinehart in part payment for trees contracted for, and that Boyd had no deed from Rinehart for the land, but only a bond for title which he had assigned to defendant McCracken, and had paid Rinehart about one half of the

purchase money, but denied specifically all the other allegations of the complaint.

And for a further defence, the defendants, McCracken and Herren, state that about the 14th of January, 1882, the defendant, Rinehart, contracted to sell to one Boyd the land in question, and gave him a bond for a good and sufficient deed of conveyance for the same, without any reservation whatever; that Boyd paid one half of the purchase money to Rinehart, and the remainder is not yet due, but he is solvent and able to pay when the debt falls due.

That Boyd afterwards (about January 14, 1882,) sold his interest in the land to McCracken, and gave him a bond for title, without any reservation, and he has paid nearly all the purchase money, and is solvent.

That about the first of February, 1882, the defendant, McCracken, sold to the other defendant, Herren, a lot of walnut trees standing on said land, who paid for the same ; and that there were no marks on said trees at the time of the purchase by Herren, and only five of them that would measure as much as eight feet six inches.

Upon the verified complaint and answer, treated as affidavits, the court denied the motion for an injunction, and the plaintiff appealed.

*Mr. J. H. Merrimon,* for plaintiff.
No counsel for defendants.

ASHE, J.   The contest between the parties is about certain walnut trees to which both parties claim title.

The plaintiff sues for a specific performance of the contract set out in the complaint and for damages for a breach thereof, and that the defendants in the meantime be enjoined from cutting and carrying away the walnut timber described in the complaint, until the plaintiff shall have removed the trees claimed by him.

Whether the title to the trees passed by the contract between the plaintiff and Rinehart, is an immaterial inquiry in the case. For conceding that the contract was an absolute sale of the trees to the plaintiff, he is not entitled to the extraordinary remedy he seeks.

It has been two often decided by this court, to be any longer an open question, that the extraordinary power of the courts will not be exercised to restrain the cutting of trees, other than those for ornament, or any other trespasses to real property, except where the injury will be irreparable, and not compensable in damages in consequence of the insolvency of the trespasser.

The allegation of the complaint that the defendants are insolvent, is an essential averment, without which an injunction will not be granted, except in some special cases where it is made to appear that the injury will be irreparable, even where the defendant is solvent. *McCormick* v. *Nixon*, 83 N. C., 113; *Thompson* v. *Williams*, 1 Jones Eq., 176; *Gause* v. *Perkins*, 3 Jones Eq., 177. In the latter case, which was a bill in equity for an injunction, alleging that a trespasser was about to commit an irreparable injury by boxing and working turpentine trees, and by cutting timber and making staves on land fit only to be cultivated for these products, without an averment of the defendant's insolvency, the bill was dismissed. Chief Justice PEARSON in delivering the opinion of the court, said : " Does the cultivation of pine trees for turpentine, or the cutting down oak trees for staves, or cypress trees for shingles, cause an irreparable injury ? one which cannot be compensated for in damages ? The very purpose for which these trees are used by the owners of land, is to get from them, turpentine, staves and shingles for *sale*. It follows therefore as a matter of course, that if the owner of the land recover from a trespasser the full value of the trees that are used for these purposes, he thereby receives compensation for the injury, and

it cannot in any sense be deemed irreparable. So that, private justice and public policy which call for a full development of the resources of the country, alike forbid the interference of equity, except in cases where from the insolvency of the alleged trespasser, the compensation in money cannot be had."

In the case before us, there is no allegation that the defendants are insolvent, or that the injury sought to be enjoined will be irreparable. But on the contrary, the uncontradicted proof is that the defendants are solvent. There is no reason why the plaintiff, if he has title to the trees, may not receive full compensation in damages for any loss resulting from the acts of the defendants.

This case is distinguishable from the cases of *Troy* v. *Norment*, 2 Ire. Eq., 318, and *Purnell* v. *Daniel*, 8 Ire. Eq., 9, which were special injunctions, continued to the hearing, where there was no allegation of insolvency; but they turned upon especial circumstances, and are not authorities in conflict with this opinion and the decision above cited in its support.

Our opinion therefore is, that there is no error in the ruling of His Honor in refusing to grant the injunction prayed for in the plaintiff's complaints. Let this be certified to the superior court of Haywood county that further proceedings may be had according to law.

No error.                                        Affirmed.