L. FRINK v. KATE STEWART, et al.

*Injunction—Trespass—Pleadings.*

1. An injunction to restrain the defendant from committing trespasses on land alleged to belong to the plaintiff, will not be granted, when it is apparent from the complaint and affidavits, that the trespasses are very trifling, and if continued, will not work irreparable injury to the plaintiff.

2. Under the Code practice, an injunction is still an extraordinary and provisional remedy, and it will not be granted before the plaintiff has exhausted the ordinary remedies, unless the Court can plainly see that the plaintiff is about to suffer an irreparable injury.

3. In such case, it is not sufficient for the plaintiff to allege in general terms that the injury will be irreparable, but he must set out such facts as will enable the Court to see what the injury is, and the probability that it will happen.

(*Thompson* v. *Williams*, 1 Jones Eq., 176; *Gause* v. *Perkins*, 3 Jones Eq., 177; *Bell* v. *Chadwick*, 71 N. C., 329; *Germon* v. *Clark*, Ibid., 417; *Dunkart* v. *Rhinehardt*, 87 N. C., 224, cited and approved; *Lumber Co.* v. *Wallace*, 93 N. C., 22, cited and distinguished).

Motion to continue an injunction to the hearing, in a cause pending in the Superior Court of BRUNSWICK county, heard by *MacRae, Judge,* at Chambers, in Lumberton, on April 14th, 1885.

His Honor refused to continue the injunction, and the plaintiff appealed.

The facts appear in the opinion.

*Mr. P. D. Walker,* for the plaintiff.

*Messrs. Waddell* and *Elliott,* filed a brief for the defendants.

MERRIMON, J. We think it very plain that the plaintiff is not entitled to relief by injunction. He alleges simply, repeated trespasses, of slight importance, on a small portion of his land, and it is plain to be seen from the complaint, that they are not such as have done, and that the probable continuance of which, will do him, irreparable injury—indeed, such injury done or anticipated, is not alleged. It is apparent from the complaint and the affidavits produced in support of the motion for an injunction, that the trespasses complained of, if indeed they are such, are of no great moment, and are such as can be easily compensated for in damages.

It moreover appears, that the substantial question at issue between the parties, is whether or not a public street or highway, passes over a portion of a lot of land owned by the plaintiff. The alleged trespasses consisted in the removal of certain posts, which the plaintiff caused to be erected in and across the alleged street, on his own land, and the passing and repassing over the same of vehicles, &c.

The plaintiff seems to make such repeated trespasses, and the alleged fact that the defendants are both "pecuniarily irresponsible," the main ground of his application for an injunction.

But he has not tested the effectiveness of his simple legal remedy. This is the only action he has brought, so far as appears, and it is probable that a recovery of damages by him, will suffice to prevent further trespasses. Indeed, the nature of the controversy, as developed by the complaint and affidavits, obviously suggest that such a recovery would have such effect.

The defendant, in her affidavit, avers that her co-defendant is her servant man, and that she "is not insolvent, but has property amply sufficient to meet any damage which may be awarded against her, and is entirely free from debt." So that the allegation that the defendant is pecuniarily irresponsible, is negatived,

if indeed, such allegation could help the plaintiff in such a case as this.

The Court will not grant relief by injunction, in case of simple trespass, and when it appears that the plaintiff can have adequate remedy, and compensation in damages for the injury sustained. To entitle him to such relief in the first instance, he must allege, and it must appear, that he will, or may, probably suffer irreparable injury in some way if it shall not be granted. And it is not sufficient to allege such injury in general terms— it must be done by such specific allegations of facts, as will enable the Court to see that such injury will, or may, happen. It is a mistaken notion that seems to prevail extensively, that relief by injunction may be had in almost any case, and as a matter of convenience, under the Code method of procedure. On the contrary, it is only to be granted when and where adequate relief cannot be had without it. It is extraordinary and provisional in its nature and purposes. *Thompson* v. *Williams*, 1 Jones Eq., 176; *Gause* v. *Perkins*, 3 Jones Eq., 177; *Bell* v. *Chadwick*, 71 N. C., 329; *German* v. *Clark*, Ibid, 417; *Dunkart* v. *Reinhardt*, 87 N. C., 224.

The counsel for the appellant, cited and relied upon *Lumber Co.* v. *Wallace*, 93 N. C., 22. That case is not in point here. It is peculiar, and very unlike this in its facts, and the application of the law. The injunction was granted in aid of the receivership, and the provisional relief was allowed, because of the inadequacy of the defendant's remedy without it.

The order denying the motion for an injunction must be affirmed, and to that end, let this opinion be certified to the Superior Court. It is so ordered.

No error.                                                    Affirmed.