* AVERY, J., did not sit.
His Honor, after considering the pleadings, affidavits and arguments of counsel, refused the motion for an injunction and dissolved the restraining order, and plaintiff appealed.
The grounds upon which the injunction was asked are stated in the opinion of Chief Justice Faircloth.
This is an action for trespass on land, and an application for injunction to prevent an irreparable damage. The ownership of the land in the plaintiff is admitted, and the alleged entry also, and the defendant avers authority to do so under the act of Assembly 1879, ch. 146, for the better drainage of the lowlands of Silver Creek, which enters Catawba River on its south side. The waters of the two streams, flowing in nearly opposite directions, cause the water of the creek to back up stream and overflow the lowlands.
Opposite the locus in quo is an island in the river. The plaintiff's contention is that the two streams surrounding the island compose (480) the river, whilst the defendants insist that the creek curves near the upper end of the island and empties into the river below the lower end of the island and below the mouth of the proposed canal, which is proposed to be 70 yards long, 40 feet wide and 15 or 20 feet deep. This canal cuts off about three-fourths of an acre of the sandy tongue of land lying between the said waters, which is part of a 60-acre tract of land belonging to plaintiff.
The plaintiff, in aid of its allegation of irreparable injury, says that it holds said land "with a view to using the same for a park to be attached to a hotel site on said land, and it derives its chief value from its picturesque surroundings — and that it will be disfigured and rendered much less valuable." The court below required the defendants to file a good bond in the sum of $1,000 to meet any damage ascertained at the final hearing, and discharged and vacated the *Page 329 
preliminary injunction. Since the case was filed in this Court an affidavit has been filed stating that the canal has been finished, and that the waters of the creek are now running through the canal. If this be so, any further action by this Court would be a vain proceeding. In order to dispose of the present contention, however, we will consider that the canal is not finished. Then, will the act complained of result in an irreparable injury? What kind of trespass is remedied by compensation, and what kind by an injunction to prevent it, has frequently been decided in this Court. The rule is that if the threatened injury can be compensated in damages, then injunctive relief will not be given, but the parties will be left to work out their grievances in a court of law. If the prospective injury is such as cannot be atoned for in damages, or if, in case of an ordinary trespass, the trespasser is insolvent and unable to respond in damages, (481) then injunctive relief will be granted in order to prevent injustice in any event. The peculiar jurisdiction of a court of equity will be exercised only when the legal remedy does not furnish an adequate remedy, and the nature of the subject-matter must be considered. Irreparable injury means that which cannot be repaired, retrieved, put back again, or atoned for. The injury must be of a peculiar nature, so that compensation in money cannot atone for it. If grass be cut in the field and sold; if trees in the woods be cut for timber, staves or shingles, and sold, damages may be recovered for their commercial value, and in that way the injury is retrieved and atoned for. If, however, the oak standing upon the resident lot, affording shade and comfort, be cut down, it cannot grow again, and damages for its commercial value be recovered, that does not satisfy or atone for its ornamental value, nor for its picturesqueness so much cherished by its owner, with which no one should interfere, and preventive relief will be given. In the case before us, the allegation is general and prospective. It does not certainly appear that a hotel will be built or that the point of land would ever be an ornamental or necessary attachment thereto. When special remedies are asked for specific facts should be set out. In the mind of the Legislature, the object is for public benefit, and the question of damages will be inquired of at the hearing.
There is no allegation here of insolvency, and the real mouth of the creek will be located at the trial in the appropriate way. Gause v.Perkins, 56 N.C. 177; Frink v. Stewart, 94 N.C. 484.
No error.
Cited: Wilson v. Featherstone, 120 N.C. 450; Porter v. Armstrong,132 N.C. 67; Griffin v. R. R., 150 N.C. 315; Rope Co. v. Aluminum Co.,165 N.C. 576. *Page 330 
(482)