SAMANTHA C. WILSON v. CLARA M. FEATHERSTONE et al.

*Practice—Injunction—Bond—Solvency of Defendants—Adequate Legal Remedy.*

1. It is improper to grant an injunction where the written undertaking required by section 341 of *The Code* is not filed or tendered.

2. Where there was no allegation of insolvency of the defendants, but on the contrary, there was an admission in plaintiff's affidavit that the defendants were amply able to respond in damages for any wrong done to plaintiff, it was improper to grant an injunction against defendants who cut off the water supply from premises allotted to the plaintiff as dower, and built a high fence around the same so as to close up her windows.

MOTION for an injunction, heard before *Brgan*, *J.*, at December Term, 1896, of BUNCOMBE Superior Court.

John Wilson died in August, 1893, leaving certain property, which descended to his only child, Clara Featherstone, and out of said property his widow (the plaintiff) was allotted her dower, the same consisting of certain lands, "together with the improvements thereon." After the allotment of dower defendants built a high fence on three sides of the property so allotted, completely closing up

120—57

every window on three sides of the house, and also an alley way which afforded a rear entrance to the property. They also cut off the water supply which was in the premises at the death of Wilson. The defendants alleged, as a reason for their action, that the plaintiff had rented the house so allotted to her to disreputable women and the fence was necessary as a protection to their own property from the nuisance adjoining.

His Honor granted the injunction and defendants appealed.

*Messrs. Merrimon & Merrimon,* for plaintiff.
*Messrs. Jones & Barnard* and *T. H. Cobb,* for defendants (appellants).

FAIRCLOTH, C. J.: There are two reasons why an injunction should *not* have been granted in this case:

1. No written undertaking was written or tendered as required. *The Code,* Section 341; *Miller* v. *Parker,* 73 N. C., 58; *James* v. *Withers,* 114 N. C., 474.

2. There is no allegation of defendant's insolvency; on the contrary, the plaintiffs' affidavit admits that the defendants "are wealthy and amply able to respond in damages for any wrong done this affiant." *Hettrick* v. *Page,* 82 N. C., 65; *McNamee* v. *Alexander,* 109 N. C., 242; *Land Co.* v. *Webb,* 117 N. C., 478.

Reversed.