## PORTER v. ARMSTRONG.

(Filed March 10, 1903.)

1. INJUNCTIONS—*Waters and Watercourses.*

    An injunction will not lie to restrain the threatened blocking up of a depression into which the water from the land of the plaintiff naturally drains, there being adequate remedies at law.

2. INJUNCTION—*Complaint—Insolvency—Damages.*

    A complaint for an injunction must allege that the defendant is insolvent and unable to respond in damages.

3. INJUNCTION—*Complaint—Suffering—Injury—Damages.*

    The complaint for an injunction must set out such specific facts as will enable the court to see that the apprehended damages will be irreparable.

ACTION for an injunction by E. Porter and wife against T. J. Armstrong and others, heard by Judge *H. R. Bryan,* at September Term, 1902, of the Superior Court of PENDER County. From a judgment for the defendant the plaintiffs appealed.

*John D. Bellamy* and *Stevens, Beasley & Weeks,* for the plaintiffs.
*J. T. Bland,* and *E. K. Bryan,* for the defendants.

CLARK, C. J. The court below dismissed the action because the complaint did not state a cause of action. The averments are that the defendant threatens to block up a natural depression into which the water from the plaintiff's land naturally drains, and that this will pond the water back upon the plaintiff's land to his irreparable damage, wherefore he asks for an injunction.

An injunction will not lie when there is an adequate remedy at law, and the plaintiff has at least two, *i. e.* an action for damages after the apprehended act has been committed, or to clean out and deepen, or excavate if necessary, the

channel on the defendant's land, as authorized by The Code, Chapter 30, as intimated by us to be the proper remedy whenever the natural outlet is inadequate or choked up, in *Porter v. Armstrong,* 129 N. C., at p. 107; *Mizzell v. McGowan,* Ibid 93; 85 Am. St. Rep., 705.

It is true that the plaintiff is not restricted to the relief demanded in his complaint, but may have any remedy which the facts alleged and proved entitled him to receive. Clark's Code (3d Ed.), Sec. 233(3) and cases cited. But the allegations here are not of any act done, nor of any damages actually sustained, but of acts threatened to be done, from which damage is apprehended. Apart from the fact that an injunction will not lie because there is full remedy at law, the complaint does not state a cause of action on which to procure an injunction in that it is not alleged that the defendant is insolvent and unable to respond in damages. *Wilson v. Featherston,* 120 N. C., 449; *Land Co. v. Webb,* 117 N. C., 478. Nor is it sufficient to allege, as here, in general terms that the injury will be irreparable, but the complaint must set out such specific allegations of fact which will enable the court to see that the apprehended damages will be irreparable, and therefore that there will be no adequate remedy at law. *Frink v. Stewart,* 94 N. C., 484; *Land Co. v. Webb, supra.*

No Error.