THE DOGGETT LUMBER CO., INC., v. LENA KELLY CONRADES ET AL.

(Filed 16 May, 1928.)

**Equity—Subjects and Extent of Jurisdiction—Restraint of Sale of Land Under Deed of Trust.**

The foreclosure of a deed of trust given to secure a payment due to the contractor for the erection of a building will not be restrained at the suit of the owner on the ground that an action of a materialman was then pending in court to enforce his lien, which action involved the amount he was then due under his contract, when the notes secured by the deed of trust are due and payable, and the trustee is not shown to be insolvent, and there is no allegation of fraud, oppression, or any element that would make the foreclosure inequitable.

CIVIL ACTION before *MacRae, Special Judge,* at Chambers, 18 October, 1927, of MECKLENBURG.

The defendant, Lena Kelly Conrades, owned a lot in Mecklenburg County and during the month of January, 1927, employed her codefendants, R. Fred Dunn and Henry Barringer, to erect a dwelling-house thereon. Said contractors bought from the plaintiff building material amounting to $4,245.26. On 25 January, 1927, the defendant, Lena Kelly Conrades, executed and delivered to the plaintiff a note for $3,000.00, constituting part payment for said building material, and at the same time executed and delivered as security therefor a deed of trust upon the lot. On 17 May, 1927, the plaintiff instituted a suit against the defendant, Lena Kelly Conrades, and Dunn and Barringer, contractors, to recover a balance of $1,245.26, in order to enforce a lien

for said amount duly filed on the land upon which said dwelling was erected. The defendant, Lena Kelly Conrades, filed an answer alleging "that the defendant executed a note in the sum of $3,000.00 and a deed of trust to secure the same, but the said note was executed and delivered pursuant to the terms of the agreement aforesaid, of which the plaintiff had full knowledge and to which it was a party." The agreement referred to was that the construction of the dwelling-house for defendant should not exceed the cost of $4,000.00, and that the plaintiff knew of this agreement between the defendant, Lena Kelly Conrades, and her codefendants, the contractors, and as a matter of fact there was a partnership existing between the plaintiff and said contractors. After the commencement of the action, to wit, during the month of August, 1927, the trustee in the deed of trust advertised the property of the defendant for sale according to the terms of said deed of trust. Thereupon on 3 September, 1927, upon petition of defendant, Lena Kelly Conrades, a temporary restraining order was issued and the matter came on for hearing before Judge MacRae. At the hearing the trial judge found "that the deed of trust secured a note in the sum of $3,000.00 payable to the Doggett Lumber Company, which had been given in payment on account 25 January, 1927, prior to the commencement of this action in May, 1927, and that Lena Kelly Conrades admitted the execution and delivery of said note, and the court further finds as a fact that the Doggett Lumber Company was not a partner to the contract between R. Fred Dunn and Henry Barringer, and the defendant, Lena Kelly Conrades, and the court further finds as a fact that the deed of trust and the note secured thereby are past due under its terms and that the foreclosure thereof has been begun by the trustee and that no allegation is contained in the pleadings or petition, or record that the Doggett Lumber Company or the trustee is insolvent. And the court further finding that the defendant, Lena Kelly Conrades, is entitled to and can have adequate relief in law." Thereupon the trial judge dissolved the restraining order and authorized the trustee to proceed with the sale of the premises in accordance with law.

From the foregoing judgment the defendant, Lena Kelly Conrades, appealed.

*R. A. Wellons for plaintiff.*
*J. F. Flowers for defendant.*

BROGDEN, J. The trial judge found as a fact that the note secured by the deed of trust was past due and that there was no allegation that the trustee in said deed of trust was insolvent. The execution of the note

and deed of trust was admitted and there is no allegation of fraud, restraint, oppression or usury in the transaction. The trial judge was therefore correct in refusing to restrain the sale of the land in accordance with the terms of the deed of trust and in accordance with the tenor of the note secured thereby. Ordinarily, an injunction will not be granted in cases of this kind where there is no allegation of insolvency. *McNamee v. Alexander,* 109 N. C., 242, 13 S. E., 277; *Land Co. v. Webb,* 117 N. C., 479, 23 S. E., 458; *Wilson v. Featherstone,* 120 N. C., 449, 27 S. E., 121; *Rope Co. v. Aluminum Co.,* 165 N. C., 572, 81 S. E., 771. However, the court in proper instances has power to restrain sales of real estate attempted to be made in pursuance of the terms of a mortgage or deed of trust. *Hayes v. Pace,* 162 N. C., 288, 78 S. E., 290.

The principle of law covering the merits of this case is thus declared by *Clarkson, J.,* in *Leak v. Armfield,* 187 N. C., 625, 122 S. E., 393. "The mortgagee has a right to have her contract enforced under the plain terms of the mortgage. To hold otherwise would practically nullify the present system of mortgages and deeds in trust on land, so generally used to secure indebtedness and seriously hamper business. Those interested in the equity of redemption have the right of paying off the first lien when due. We can see no equitable ingredient in the facts of this case. The mortgage is not a 'scrap of paper.' It is a legal contract that the parties are bound by. The courts, under their equitable jurisdiction, where the amount is due and ascertained—no fraud or mistake, etc., alleged—have no power to impair the solemn instrument directly or indirectly by nullifying the plain provisions by restraining the sale to be made under the terms of the mortgage."

Affirmed.