HAROLD E. SETSER, T/A TASTEE-FREEZ OF LENOIR v. CEPCO DE-
VELOPMENT CORPORATION, TASTEE-FREEZ OF PIEDMONT, N.
C., INC., AND CHARLES E. PARNELL

No. 6825SC312

(Filed 11 December 1968)

**1. Injunctions §§ 2, 6— action to restrain premature termination of contract — sufficiency of complaint**

In an action to restrain defendants from prematurely terminating a lease agreement and an operator's agreement for conducting a business on the leased premises and from interfering with plaintiff's business, plaintiff's allegations that defendants have given notice that the lease and operator's agreements will terminate on a date prior to the expiration date of the agreements, that defendants have demanded that plaintiff vacate the premises by the earlier date, and that plaintiff will suffer "irreparable damages to the extent of many thousands of dollars" *are held* insufficient to state a cause of action for equitable relief since the

complaint fails to allege facts showing irreparable damage or that defendants are insolvent and unable to respond in damages, and defendants' demurrer thereto is properly allowed.

**2. Injunctions § 2— necessity for inadequate remedy at law**
An injunction will not lie when there is an adequate remedy at law.

**3. Pleadings § 29— demurrer sustained — dismissal of the action**
When a demurrer is sustained, the action will be then dismissed only if the allegations of the complaint affirmatively disclose a defective cause of action, that is, that plaintiff has no cause of action against the defendant.

**4. Pleadings § 38— judgment on the pleadings**
Although the complaint does not allege facts sufficient to constitute a cause of action, defendants' motion for judgment on the pleadings is improperly allowed where a material issue of fact is joined between the parties in the further answer and defense of the defendants and the reply thereto of the plaintiff.

APPEAL by plaintiff from *Falls, J.*, 25 March 1968, Civil Session, CALDWELL County Superior Court.

When this case was called for trial and after a jury had been selected but before the jury was empaneled, the defendants demurred *ore tenus* to the complaint. This demurrer was sustained. The defendants then moved for judgment on the pleadings and this motion was allowed. The plaintiff appealed.

*Marshall Cline and Womble, Carlyle, Sandridge & Rice by I. E. Carlyle and Allan R. Gitter, Attorneys for plaintiff appellant.*

*No counsel, contra.*

CAMPBELL, J.

Messrs. Wilson and Palmer appeared as attorneys for the defendants in the trial court, but for good cause shown, they were permitted to withdraw as counsel by order of Judge Bryson dated 8 October 1968.

In the complaint filed 25 October 1967, plaintiff alleged that he had subleased in writing certain premises located in the City of Lenoir, which lease did not expire until 6 January 1973; that at the time of making the sublease he had entered into a written operator's agreement for a period of ten years, with option to renew, commencing 1 June 1963 pursuant to which the plaintiff was to operate a food and dairy products business known as "Tastee-Freez of Lenoir"; that the plaintiff purchased equipment and inventory

and commenced business, which the plaintiff "still operates today as a going concern and as a profitable business"; that the defendants acting through Charles E. Parnell, individually and as an officer of the defendant corporations, have "now given notice to the plaintiff that both the ten-year sub-lease agreement and the ten-year operator's agreement will terminate on October 31, 1967, and [have] demanded that the plaintiff vacate the premises by that date"; that the defendants in attempting to terminate both agreements prior to expiration date have advised the plaintiff that the defendants have assigned all of their rights, title and interest in Tastee-Freez of Lenoir to "Char's, Inc."; that the defendants are not acting in good faith and are conspiring among themselves to force the plaintiff to terminate his successful and profitable business and to accept a new sublease agreement with Char's, Inc.; that these unlawful and wrongful demands have been made by the defendants because the Harlee Manufacturing Company of Illinois has revoked the regional Tastee-Freez franchise which it had granted to Tastee-Freez of Piedmont, N. C., Inc.; and that this revocation had occurred during the summer of 1966. The plaintiff then alleged that "if the defendants are permitted to impose their unlawful and wrongful plans upon this plaintiff, then the plaintiff will be irreparably damaged to the extent of many thousands of dollars, and will be deprived of his livelihood through no fault of his own, and that the plaintiff has no adequate remedy at law for the redress of his grievances." The plaintiff then prayed judgment that the defendants be restrained from terminating either of the said written agreements, from evicting the plaintiff, and "from molesting, interfering with or harassing the plaintiff in the operation of his business pending a hearing in this matter", and that the defendants be perpetually restrained.

On 25 October 1967 a temporary restraining order was issued and on 14 November 1967 this order was continued in effect until the trial. The answer, which was filed by the defendants on 22 November 1967, admitted the lease, but it alleged that said lease had terminated in accordance with its terms and had been assigned to Char's, Inc. It was also admitted that plaintiff and Tastee-Freez of Piedmont, N. C., Inc., had entered into a written agreement on 1 June 1963 and that the regional franchise agreement between Harlee Manufacturing Company and Tastee-Freez of Piedmont, N. C., Inc., had been terminated. The defendants set forth in their answer Paragraph 21 of the lease, which provided:

"A territorial franchise agreement exists between Tastee-Freez of Piedmont, N. C., Inc. and Harlee Manufacturing Company, an Illinois Corporation, for the purposes of conducting a

Tastee-Freez business. It is expressly agreed that should Tastee-Freez of Piedmont, N. C., Inc. become disposed of its franchise agreement in any manner whatsoever, then Lessor shall have the right, privilege and option to cancel and terminate this lease."

The defendants further alleged that the franchise agreement had been terminated; that the plaintiff had been given notice of this termination; that the lessor in the lease agreement with the plaintiff would exercise its right and privilege to cancel the lease; that the plaintiff was notified to vacate the leased premises by 31 October 1967; but that the plaintiff had failed and refused to do so. The defendants prayed that the restraining order be dismissed; that the plaintiff be ordered to vacate the leased premises; and that the lessors be placed in possession of same.

The plaintiff filed a reply, in which it was stated that, among other things, the franchise agreement between the Harlee Manufacturing Company and Tastee-Freez of Piedmont, N. C. Inc., terminated in September 1966; that thereafter no effort was made to terminate the sublease for a period of thirteen months, while plaintiff was making monthly payments of rent; that the right to do so had been waived; and that the defendants are estopped to exercise said option now.

Two questions are presented by this appeal. 1. Did the trial court commit error in sustaining the demurrer *ore tenus* for failure to state a cause of action in the complaint? 2. Did the trial court commit error in granting the defendants' motion for judgment on the pleadings?

"On a demurrer *ore tenus* to the complaint, we take the case as made by the complaint. It is hornbook law that the office of a demurrer is to test the sufficiency of a pleading, admitting for the purpose, the truth of factual averments well stated and such relevant inferences as may be deduced therefrom, but it does not admit any legal inferences or conclusions of law asserted by the pleader. It is also common knowledge of the Bench and the Bar that the court is required on a demurrer to construe the complaint liberally with a view to substantial justice between the parties, and every reasonable intendment is to be made in favor of the pleader. G.S. 1-151; *Bailey v. McGill*, 247 N.C. 286, 100 S.E. 2d 860, and cases cited." *Beam v. Almond*, 271 N.C. 509, 157 S.E. 2d 215.

[1]    Tested by this mandate, we are of the opinion that the demurrer *ore tenus* was properly sustained. Plaintiff seeks an injunc-

tion. However, there is no averment that the defendants have done anything to the plaintiff. The only factual averment is to the effect that the defendants have given notice to the plaintiff that the ten-year sublease and the ten-year operator's agreement would terminate on 31 October 1967 and have made demand that the plaintiff vacate the premises by that date. There is no averment that the operation of plaintiff's business will in any way be affected if the plaintiff fails to comply with the demand made by the defendants. In fact, the complaint itself states that the plaintiff's business "still operates today as a going concern and as a profitable business." In the prayer for relief, the plaintiff requested the court to restrain the defendant "from molesting, interfering with or harassing the plaintiff in the operation of his business." However, there is no averment in the complaint to the effect that the defendants are doing any of these things. The simple averment that the defendants gave notice that the sublease and the operator's agreement would terminate on 31 October 1967 and made demand that the plaintiff vacate the premises by 31 October 1967 does not show any molestation, interference, or harassment on the part of the defendants. The plaintiff did not allege any facts constituting irreparable damage, insolvency on the part of the defendants, or any grounds for equitable relief.

[2]   "Ordinarily, an injunction will not be granted where there is a full, adequate and complete remedy at law,·which is as practical and efficient as is the equitable remedy." *In Re Davis,* 248 N.C. 423, 103 S.E. 2d 503.

[1]   If and when the defendants interfere with the plaintiff's business, the plaintiff may have the right to obtain adequate recompense in money. The allegation of "irreparable damage to the extent of many thousands of dollars" is not sufficient to justify equitable relief. "It is true he alleges in general terms, 'irreparable injury,' but he fails to allege and give evidence of facts showing that he may sustain such injury. It is not sufficient to simple allege such injury — facts must appear from which the court can see and determine that it is such, and probable." *Lewis v. Lumber Co.,* 99 N.C. 11, 5 S.E. 19.

[2]   As stated by Clark, C. J., in *Porter v. Armstrong,* 132 N.C. 66, 43 S.E. 542:

> "An injunction will not lie when there is an adequate remedy at law . . .
>
> . . .
>
> . . . Apart from the fact that an injunction will not lie because there is full remedy at law, the complaint does not state

a cause of action on which to procure an injunction, in that it is not alleged that the defendant is insolvent and unable to respond in damages. . . . Nor is it sufficient to allege, as here, in general terms that the injury will be irreparable, but the complaint must set out such specific allegations of fact which will enable the court to see that the apprehended damages will be irreparable, and therefore that there will be no adequate remedy at law."

**[3]** We hold that it was not error for the trial court to sustain the demurrer *ore tenus* and dissolve the restraining order which had been entered. Since the plaintiff might have made allegations in an amended complaint which would have met the foregoing objections, he should have been permitted to do so. Therefore, the cause is remanded so that the plaintiff may amend, if so advised.

"When a demurrer is sustained, the action will be *then dismissed* only if the allegations of the complaint affirmatively disclose a defective cause of action, that is, that plaintiff has no cause of action against the defendant." *Skipper v. Cheatham,* 249 N.C. 706, 107 S.E. 2d 625.

The second question presented by this appeal is, did the trial court commit error in granting the defendants' motion for judgment on the pleadings?

Ervin, J., stated in *Erickson v. Starling,* 235 N.C. 643, 71 S.E. 2d 384:

"A motion for judgment on the pleadings is in the nature of a demurrer. . . . Its function is to raise this issue of law: Whether the matters set up in the pleading of an opposing party are sufficient in law to constitute a cause of action or a defense. . . .

When a party moves for judgment on the pleadings, he admits these two things for the purpose of his motion, namely: (1) The truth of all well-pleaded facts in the pleading of his adversary, together with all fair inferences to be drawn from such facts; and (2) the untruth of his own allegations in so far as they are controverted by the pleading of his adversary. . . . These admissions are made only for the purpose of procuring a judgment in the movant's favor. . . .

A motion for judgment on the pleadings is allowable only where the pleading of the opposite party is so fatally deficient in substance as to present no material issue of fact. . . .

On a motion for judgment on the pleadings, the presiding judge should consider the pleadings, and nothing else. . . . He should not hear extrinsic evidence, or make findings of fact. . . . If he concludes on his consideration of the pleadings that a material issue of fact has been joined between the parties, he should deny the motion in its entirety, and have the issue of fact tried and determined in the way appointed by law before undertaking to adjudicate the rights of the parties. The law does not authorize the entry of a judgment on the pleadings in any case where the pleadings raise an issue of fact on any single material proposition."

[4]   Although the complaint in the instant case did not set forth facts sufficient to constitute a cause of action, it cannot be stated that a material issue of fact has not been joined. A material issue of fact was joined between the parties as contained in the further answer and defense of the defendants and the reply thereto of the plaintiff. It was error in the trial court to enter that portion of the judgment reading: "That the defendant Cepco Development Corporation be, and it is hereby entitled to immediate possession of the premises described in the pleadings filed herein . . ."

Error and
Remanded.

MALLARD, C.J., and MORRIS, J., concur.