EDWARD DOUGLAS JEFFERIES v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

No. 6919SC91

(Filed 26 February 1969)

**1. Pleadings § 38—   motion for judgment on the pleadings**

Motion for judgment on the pleadings admits, for the purpose of the motion, (1) the truth of all facts well pleaded by the adverse party to-

gether with all fair inferences to be drawn from such facts, and (2) the untruth of movant's allegations which are controverted by the pleadings of his adversary.

2. **Insurance § 74; Pleadings §§ 18, 38— collision insurance — subrogation — judgment on pleadings — reply**

In an action under an automobile collision insurance policy for physical damage to plaintiff's automobile, defendant insurer's motion for judgment on the pleadings is properly allowed where the pleadings establish that defendant has recovered the full amount of damages to his automobile in an action against the third party tortfeasor, that defendant insurer has a subrogation right to such recovery, that defendant has offered to pay plaintiff the full amount of damages to his automobile, but that plaintiff has refused to assign to defendant the judgment against the third party tortfeasor to the extent of defendant's subrogation right, notwithstanding allegations in plaintiff's reply to defendant's answer that under the contract of insurance he is entitled to be paid his expense of recovery in the other action and of storage to protect his damaged automobile, since plaintiff in his reply cannot set up a cause of action different from that contained in the complaint.

APPEAL by plaintiff from *Exum, J.,* 21 October 1968 Session, RANDOLPH Superior Court.

Plaintiff brings this action *ex contractu* to recover from defendant, under its policy of insurance issued to plaintiff for coverage to plaintiff's automobile for damages by collision.

On 29 October 1965 plaintiff's automobile was damaged in a collision with another automobile. It is not controverted that defendant's collision coverage was in effect at the time of plaintiff's loss. Plaintiff duly filed with defendant the proof of loss and demanded damages in the sum of $2,495.00, less the $100.00 deductible as provided by the policy of insurance. Defendant was unwilling to pay the amount demanded and made its counter-offer which was unacceptable to plaintiff.

Plaintiff filed his complaint and caused summons to be issued in the present action on 17 May 1966. On 9 June 1966 defendant filed a motion to strike from the complaint certain allegations. Thereafter this case lay fallow until 30 May 1967, at which time the Court ruled upon the motion to strike.

On 16 May 1966 (the day immediately preceding the day on which the present action was instituted) plaintiff instituted an action, *ex delicto,* in Davidson County, North Carolina, against the owner of the automobile involved in the collision with plaintiff's automobile on 29 October 1965. In the Davidson County case plaintiff alleged damages to his automobile in the sum of $2,495.00 (the same

as in the present action). The Davidson County case came on for trial, and, upon a verdict in plaintiff's favor, judgment was entered in Davidson County on 12 April 1967 awarding plaintiff $2,495.00 for damages to his automobile.

On 9 May 1967 defendant in the present action tendered to plaintiff the sum of $2,395.00 in satisfaction of the claim alleged under the insurance contract; the tender was made upon condition that plaintiff assign to this defendant $2,395.00 of the Davidson County judgment. Plaintiff declined the tender.

Thereafter, as noted above, on 30 May 1967, defendant's motion to strike was ruled upon, and defendant filed answer on 20 June 1967. In its answer, defendant set up the subrogation provisions of the insurance contract, the recovery by plaintiff in the Davidson County case and defendant's tender to plaintiff in this case, as a bar to plaintiff's right to recover herein. Plaintiff filed a reply wherein he admitted the provisions of the insurance policy, and the recovery of $2,495.00 in the Davidson County case. Plaintiff also admitted the tender of $2,395.00 by defendant in this case, but alleged it was ineffective because it required an assignment of a part of his Davidson County recovery.

The present case came on for hearing before Judge Exum, and, upon defendant's motion, judgment upon the pleadings was entered in favor of defendant. Plaintiff appealed, assigning error.

*Ottway Burton for plaintiff appellant.*

*Smith & Casper, by Archie L. Smith, for defendant appellee.*

BROCK, J.

[1]    When a party moves for judgment on the pleadings, he admits these two things for the purpose of his motion, namely: (1) The truth of all well-pleaded facts in the pleading of his adversary, together with all fair inferences to be drawn from such facts; and (2) the untruth of his own allegations insofar as they are controverted by the pleading of his adversary. *Erickson v. Starling,* 235 N.C. 643, 71 S.E. 2d 384; *Setser v. Development Corp.,* 3 N.C. App. 163, (filed 11 December 1968).

[2]    By plaintiff's complaint, and his admissions by reply, the defendant's rights of subrogation are established; the recovery by plaintiff of full damages to his automobile is established; the offer by defendant to pay plaintiff the full amount claimed under its contract of insurance is established; and plaintiff's refusal to assign to de-

fendant, under its right of subrogation the proceeds of the Davidson County judgment, to the extent to defendant's tender, is established. For the purposes of this lawsuit no further facts are necessary to establish defendant's right to judgment.

Plaintiff, however, strenuously argues that the judgment on the pleadings in defendant's favor was improper because under the contract of insurance he is entitled to be paid his expense of recovery in the Davidson County case, and is entitled to be paid his expense of storage to protect the damaged automobile.

Assuming, but not deciding, that plaintiff's policy provides such coverage, plaintiff's complaint alleges and seeks only a recovery for physical damage to his automobile in the sum of $2,495.00, less the $100.00 deductible. Nevertheless, plaintiff contends that by his reply to defendant's answer he asserts the right to recover for these two items of expense.

Plaintiff did not file an amended complaint, nor did he seek leave to file an amendment, to allege a cause for recovery of expense of the Davidson County litigation or the expense of storage. "The plaintiff cannot in his reply set up a cause of action different from that contained in his complaint." McIntosh, N. C. Practice 2d, § 1265; *Nix v. English*, 254 N.C. 414, 119 S.E. 2d 220.

We have examined plaintiff's remaining assignments of error and in them we find no prejudicial error.

Affirmed.

CAMPBELL and MORRIS, JJ., concur.