CLARK, C. J., concurring.
The defendants, having filed answers to the complaint as (29) amended by leave of the court, demurred ore tenus upon the ground that it does not set out a cause of action. The demurrer was sustained and the action dismissed. Plaintiff appealed.
The pleadings disclose that the plaintiff seeks to *Page 32 
recover damages for a personal injury for negligence, against the Tannery Company for requiring plaintiff, its employee, to couple up a car with defective coupling, and against the Southern Railway for delivering such a car to the Tannery Company.
The complaint alleges that the defendant Tannery Company had tracks on which it kept engines and rolling stock in constant use in connection with the operation of its business in moving cars of its own as well as those delivered by the railway company. It is alleged that a car which plaintiff was directed to couple had a defective coupling, so that the same would not couple by impact, and was otherwise defective and dangerous; that such coupling was out of alignment, and that it was necessary for plaintiff to push the same into alignment before it could couple, and that he put his foot on it to push it into alignment, when his foot was caught by a splinter and held so that he could not extricate himself nor signal to the engineer, and that his foot was crush- between the couplings of the two cars.
Taking the allegations of the complaint to be true, as we must when a demurrer is interposed, we are of opinion that there was error in sustaining it. It is probable that the learned judge based his ruling (30) upon the idea that it appears in the complaint that the plaintiff contributed to his injury by putting his foot on or kicking the coupling and, therefore, could not maintain his action for damages.
It appears that plaintiff is not an employee of the Southern Railway, and it is assumed, we presume, that the Tannery Company is not such a common carrier as comes within the purview of the act of the General Assembly of 1913, abolishing contributory negligence as a defense in actions by employees of railroads for personal injuries, and allowing evidence of it only in diminution of damage.
It is true that where the contributory negligence of a plaintiff is patent upon the face of his complaint and it is of that kind which bars his recovery, it may be taken advantage of by demurrer. Burgin v. R. R.,115 N.C. 674.
But we do not think that is the case here to the extent that the question may be determined upon demurrer ore tenus. Whether such defense is open to either or both of defendants and whether plaintiff's negligence was the proximate cause of his injury are matters that can be more properly determined when pleaded in the answer and after the facts are found.
Reversed.