HENRY M. McADEN, LUCY M. BLAND, CHAS. A. BLAND, MARY M. DAVIDSON, RUFUS Y. McADEN, JAMES T. McADEN, BENNIE Y. McADEN STRONACH and JOHN B. STRONACH, v. J. S. WATKINS.

(Filed 27 January, 1926.)

### Injunction—Bonds—Principal and Surety—Liability.

The provision of the statute that the plaintiff in injunction give bond is mandatory, the amount fixed by the judge, conclusive of the extent of the liability thereon, the procedure being for the defendant to move to have the amount increased when he so desires, or thinks it necessary for his protection. C. S., 854, 855.

APPEAL by plaintiffs from *Bryson, J.,* and a jury, at August Term, 1925, from CHEROKEE. Modified and affirmed.

This was an inquiry of damages claimed to have been sustained by injunction had before Bryson, Judge, and a jury, at August Term, 1925, of Cherokee Superior Court. The action was instituted by plaintiffs against the defendant in May, 1921; they claimed to be the owners of tract No. 7826, grant No. 3112, containing 640 acres of land situate in Cherokee County, and that during the spring of 1921, the defendant wrongfully cut down many of the timber trees standing and growing thereon, and otherwise trespassed to their damage in a sum which they estimated at $1,000. On 9 June, 1921, a restraining order was issued by Hon. G. S. Ferguson, Judge, against the defendant, and the same was returnable on 18 June, 1921, before Judge Bryson at Bryson City, North Carolina, and the restraining order was served on the defendant on 10 June, 1921. The defendant, in his answer, set up a denial of plaintiff's title, and, in addition, that the defendant owned one parcel of land containing one hundred acres, and another parcel containing 50 acres, part of entry No. 7658, grant No. 3851, and averred that he had been cutting timber on his own land of which he and those under whom he claimed had been in possession under known and visible lines and boundaries with color of title for more than seven years, to wit, for twenty years before the institution of this action. At the April Term, 1924, plaintiffs, by leave of court, amended their complaint by alleging their ownership of tract No. 7273, grant No. 3073, containing 320 acres. At December Special Term, 1924, the question of title was tried, and the plaintiffs recovered judgment for all of the lands included in both of said grants, except that part thereof adjudged to be owned by the defendant, Watkins, who was adjudged to be the owner of 50 acres, part of grant No. 3851, tract No. 7658, and grant No. 3765, tract No. 1508, 100 acres, as shown in the yellow lines on the map, which was attached to the judgment; the plaintiffs also recovered judgment for damages for $50 for trespass committed upon their lands, and in said judgment an inquiry was directed to be instituted to ascertain the damages sustained by the defendant on account of the injunction.

On 24 March, 1925, the defendant filed bill of particulars and prayed judgment against plaintiffs: "First, for the sum of $52.50 for the bark lost as alleged in paragraph two of the bill of particulars; second, the sum of $300 lost on the 100 cords of chestnut wood already cut as alleged in paragraph 3 of the bill of particulars; third, for the sum of $1,800 for loss of the chestnut wood left standing by reason of the fall in the market price as alleged in paragraph 4; fourth, for the sum of $650, depreciation in value of teams and outfit as alleged in paragraph 5; fifth, for the sum of $250 for depreciation in the value of the poplar

timber as alleged in paragraph 6, and for the costs of this motion, with general relief, as is proper under the circumstances"—total $3,052.50.

The issue submitted to the jury and their answer thereto was as follows: "What sum, if any, is the defendant, Watkins, entitled to recover on account of the injunction issued in this action? Answer: $1,175."

The following judgment was rendered: "Now, upon motion of attorneys for J. S. Watkins, it is considered and adjudged by the court that the said J. S. Watkins do have and recover of the plaintiffs above named, and their surety upon the injunction bond in this cause, J. W. Walker, the penalty of said bond, to wit, $500, with interest thereon from 10 August, 1925, until paid, and that the said J. S. Watkins do recover the additional and further sum of $675 against the plaintiffs above named: Henry M. McAden and the other plaintiffs, with interest thereon from 10 August, 1925, and that the above named plaintiffs and J. W. Walker do pay the costs of this action to be taxed by the clerk which have accrued subsequent to the final judgment at January Term, 1925."

Numerous exceptions and assignments of error were made by plaintiffs and appeal taken to the Supreme Court, among them: "The court erred in signing the judgment appearing in the record."

*M. W. Bell and Dillard & Hill for plaintiffs.*
*R. L. Phillips, Moody & Moody and D. Witherspoon for defendant.*

CLARKSON, J. The injunction issued 9 June, 1921, by Judge G. S. Ferguson on behalf of plaintiffs and against defendant contained the following: "Upon the plaintiffs' filing with the clerk of the Superior Court of Cherokee County a bond in the sum of $500, conditioned as provided in section 854 of the Consolidated Statutes, justified as required by law, said clerk will certify copy of this order for service on said defendant," etc.

The bond was duly given and accepted by the court for $500, with J. W. Walker as surety.

C. S., 854, is as follows: "Upon granting a restraining order or an order for an injunction, the judge shall require as a condition precedent to the issuing thereof that the clerk shall take from the plaintiff a written undertaking, with sufficient sureties, to be justified before, and approved by, the clerk or judge, in an amount to be fixed by the judge, to the effect that the plaintiff will pay to the party enjoined such damages, not exceeding an amount to be specified, as he sustains by reason of the injunction, if the court finally decides that the plaintiff was not entitled to it."

C. S., 855, is as follows: "A judgment dissolving an injunction carries with it judgment for damages against the party procuring it and the sureties on his undertaking without the requirement of malice or want of probable cause in procuring the injunction, which damages may be ascertained by a reference or otherwise, as the judge directs, and the decision of the court is conclusive as to the amount of damages upon all the persons who have an interest in the undertaking."

Amount of undertaking must be fixed by the judge. *Bynum v. Powe,* 101 N. C., 416. The requirement that an undertaking be given is mandatory. *McKay v. Chapin,* 120 N. C., 159. If the undertaking is not sufficient, upon good cause shown, it may be increased. *Preiss v. Cohen,* 112 N. C., 283.

The procedure in the present case to recover damages was in accordance with the statute, in the original cause. *McCall v. Webb,* 135 N. C., 365; *Davis v. Fibre Co.,* 175 N. C., 28.

In *Davis v. Fibre Co., supra,* it was held: "It is now well settled that when an injunction is wrongfully issued as to any part of the plaintiff's demand, and is partially dissolved to that extent, the party enjoined will be entitled to such damages within the limit of the penalty of the bond as he may have sustained by reason of the issuing of the injunction. A. & E. Enc. of Law, vol. 16, pp. 464, 465, and cases cited; *Rice v. Cook,* 92 Cal., 144."

It will be noted that the recovery is "within the limit of the penalty of the bond." In fact, the statute (C. S., 854, *supra*), limits the amount of the damages "not exceeding an amount to be specified."

In *Timber Co. v. Rountree,* 122 N. C., p. 51, it is held: "It is plain, therefore, that the penalty of the bond is the limit of the liability of the plaintiff and its sureties on the undertaking, the proceeding being also in effect a suit upon the undertaking, and there was error in entering a judgment for a greater amount against the plaintiff in the action than $300, the penalty of the bond." *Crawford v. Pearson,* 116 N. C., 718; *Shute v. Shute,* 180 N. C., p. 388.

In the present case the judge who granted the injunction required a bond in the sum of $500. If this was not sufficient, defendant could, upon notice and good cause shown, have had the undertaking increased. The jury assessed the damages in the sum of $1,175. The judgment against plaintiffs must be reduced to the penalty of the bond $500 and cost.

In conformity with this opinion, the judgment below is

Modified and affirmed.