**ORLEANS PARISH SCHOOL BOARD,**
Appellant,

v.

**Earl Benjamin BUSH et al., Appellees.**

**No. 16851.**

United States Court of Appeals
Fifth Circuit.

Feb. 13, 1958.

Rehearing Denied March 28, 1958.

Writ of Certiorari Denied May 26, 1958.

See 78 S.Ct. 1008.

W. Scott Wilkinson, Shreveport, La., George M. Ponder, Baton Rouge, La., Gerard A. Rault, New Orleans, La., for appellant.

A. P. Tureaud, New Orleans, La., Thurgood Marshall, Robert L. Carter, New York City, A. M. Trudeau, Jr., New Orleans, La., for appellees.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

TUTTLE, Circuit Judge.

This is a second appearance of this case here and the second attempt to have the court set aside a preliminary injunction entered on February 15, 1956, in favor of plaintiffs, Bush, et al., and against the defendant, Orleans Parish School Board, the sole ground for its reappearance after we affirmed the trial court's order on the merits,[1] being the claim that the temporary injunction was void because the plaintiff failed to make the $1,000 bond that was required to be

made in the court's injunction order until after affirmance of the injunction by this Court.

The temporary injunction which was issued by the trial court required no immediate affirmative action or cessation of action. It provided as follows:

"It Is Ordered, Adjudged and Decreed that the defendant, Orleans Parish School Board, a corporation and its agents, its servants, its employees, their successors in office, and those in concert with them who shall receive notice of this order, be and they are hereby restrained and enjoined from requiring and permitting segregation of the races in any school under their supervision, from and after such time as may be necessary to make arrangements for admission of children to such schools on a racially nondiscriminatory basis with all deliberate speed as required by the decision of the Supreme Court in Brown v. Board of Education of Topeka [347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873], supra."

There then followed the paragraph relating to the bond:

"It Is Further Ordered, Adjudged and Decreed that a bond be filed by plaintiffs herein in the sum of One Thousand Dollars ($1,000.00) for the payment of such costs and damages as may be incurred or suffered by any party who is found to be wrongfully enjoined or restrained, said bond to be approved by the Clerk of this Court."

The plaintiffs filed no bond immediately thereafter or at any time pending the appeal that was timely taken by the defendant school board. Neither on the appeal nor by motion in the district court did the Board take exception to the failure of the plaintiff to make bond until after this Court published its opinion affirming the injunction order. Then, for the first time, it filed its motion with

1. Orleans Parish School Board v. Bush, 5 Cir., 242 F.2d 156, certiorari denied 354 U.S. 921, 77 S.Ct. 1380, 1 L.Ed.2d 1436.

the trial court "to vacate, set aside and to declare the preliminary injunction issued herein on February 15, 1956, to be null and void and without effect on the ground that plaintiffs have failed to file the bond required by the decree of this Court and by the law."

Thereupon the plaintiffs filed their bond, which was approved on June 19th by the trial judge. Thereafter, on June 26th, the motion to vacate came on for a hearing and was denied by the trial court. This appeal is from the order of denial.

The appellant here contends that Rule 65(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A.,[2] requires the making of the bond as a condition precedent to the becoming effective of the temporary injunction, that since none was made "the preliminary injunction was not in effect or in fact issued during this sixteen months period." From this appellant argues that when thereafter the bond was filed this could not cause the injunction to "issue" for the first time. No authorities are cited by appellant in support of this assertion. The School Board relies on cases which hold that a failure of the district court to *make provision* for the issuance of a bond is void. See Chatz v. Freeman, 7 Cir., 204 F.2d 764.

The appellees take the position that the requirement of security by rule 65 (c) was intended to protect a party against damage caused by the wrongful issuance of a temporary injunction, citing United States v. Onan, 8 Cir., 190 F.2d 1, 7; that in this case the injunction order has been affirmed on appeal and it obviously therefore was not erroneously issued; thus appellant could not possibly suffer any damage. They contend that if the failure to file the bond had any effect, it was a mere irregularity which was cured by its subsequent execution. See Standard Bonded Warehouse Co. v. Cooper, 4 Cir., 30 F.2d 842, 845.

 Although the point is not raised by appellees, who rest confidently on the merits, we must consider the threshold question whether the order of the trial court is reviewable. Normally, of course, the Courts of Appeals review only final orders. There is an exception under 28 U.S.C.A. § 1292 as to certain interlocutory orders relating to injunctions. This section provides:

"The courts of appeals shall have jurisdiction of appeals from:

"(1) Interlocutory orders * * granting, continuing, modifying, refusing, or dissolving injunctions, or refusing to dissolve or modify injunctions * * * *"

Since, obviously, the order which required the making of bond could not be void because of a subsequent failure to make it, the appellant's motion to declare the injunction to be null and void and without effect will be treated as a motion to "dissolve" the injunction. As such the order refusing to do so is appealable.

 We have heretofore affirmed the order of the trial court. Thus, no asserted defect in that order can now be considered by us. All we can consider is what transpired subsequent to the entry of the temporary injunction. As we have already pointed out, the injunction required no act on the part of the defendants, and in fact it prohibited no specific act in the sense that the defendants could be found in violation of the order without further definitive injunctive order by the court. The fact that the bond was not executed could not, therefore, conceivably have damaged the defendants. That this is so is eloquently testified to by the failure of the defendant itself to take notice of the omission. The affirmance by this Court of the judgment before defendants sought to have it vacated has settled for all

---

2. "No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained."

time that defendants have not been, and can never be, "wrongfully enjoined" by the order. The bond was functus officio when made by the plaintiffs. Their failure to make it earlier, when it might have had an office to perform, was waived by the defendant when it let the order stand against it until affirmed on appeal.

Judgment affirmed.