**ORLEANS PARISH SCHOOL BOARD,**
**Appellant,**

**v.**

**Earl Benjamin BUSH et al., Appellees.**

**No. 17641.**

United States Court of Appeals
Fifth Circuit.

June 9, 1959.

Rehearing Denied July 15, 1959.

See also 163 F.Supp. 701.

Gerard A. Rault, New Orleans, La., for appellant.

A. P. Tureaud, A. M. Trudeau, Jr., New Orleans, La., Thurgood Marshall, Constance Baker Motley, New York City, for appellees.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

PER CURIAM.

This is the third appearance of this case here. On February 15, 1956, the District Court entered a preliminary injunction ordering "that the defendant, Orleans Parish School Board, a corporation, and its agents, its servants, its employees, their successors in office, and those in concert with them who shall receive notice of this order, be and they are hereby restrained and enjoined from requiring and permitting segregation of the races in any school under their supervision, from and after such time as may be necessary to make arrangements for admission of children to such schools on a racially non-discriminatory basis with all deliberate speed as required by the decision of the Supreme Court in Brown v. Board of Education of Topeka, 349 U.S. 294 [75 S.Ct. 753, 99 L.Ed. 1083]."

This order was appealed to this court and was here affirmed, 5 Cir., 242 F.2d 156. The Supreme Court denied certiorari, 354 U.S. 921, 77 S.Ct. 1380, 1 L.Ed.2d 1436. Subsequently a motion to vacate this preliminary injunction on a technical ground was denied by the trial court and on appeal this order was also affirmed, 5 Cir., 252 F.2d 253. The Supreme Court again denied certiorari, 356 U.S. 969, 78 S.Ct. 1008, 2 L.Ed.2d 1074.

On April 16, 1958, asserting that on July 13, 1956, long before it filed its previous motion to dismiss the injunction, the Legislature passed and the Governor of Louisiana approved Act 319 of the Acts of 1956, LSA–R.S. 17:341 et seq., which deprives the Board of the power to change the racial classification of the Orleans Parish schools, it moved again to dismiss the action on the ground that it "is not a proper party defendant herein".

The Act of 1956 is entitled "An Act To establish a method of classification of public school facilities in any city with a population in excess of 300,000 (in which class New Orleans fits) to provide for the exclusive use of school facilities therein by white and Negro children respectively, the mode of changing the classification of any schools therein, and to provide that white teachers shall teach only white children and Negro teachers shall teach only Negro children". The Act undertakes to provide that a legis-

lative commission shall be appointed to recommend such classifications, to be finally acted upon by the legislature itself, thus depriving the Parish Board of its power to alter its existing pattern of white and negro schools.

Appellant urges that the legislature may, under this method, classify some schools as non-segregated schools, although such action would be violative of the provision in the act which requires that teachers of each race teach only members of their own race.

The trial court held that this statute was unconstitutional on its face and denied the motion to dismiss. The court then entered a permanent injunction against the Board in the precise terms of its prior preliminary order quoted above. The Board has appealed.

■ We affirm the judgment of the trial court. It is immaterial whether the 1956 law is held by the State Supreme Court to be constitutional or unconstitutional so far as concerns the correctness of the trial court's judgment. It has long been held that state officers found to be operating state institutions or performing state functions contrary to the provisions of the Constitution may be enjoined from continuing such acts. Orleans Parish School Board v. Bush, 5 Cir., 242 F.2d 156. The trial court has now determined, in accordance with the duty imposed upon it by the United States Supreme Court in Brown v. Board of Education of Topeka, supra, that appellees here are entitled to an order directing the Orleans Parish Board to cease operating racially segregated schools at an unspecified future date. Since, under the Act of 1956, the operation of the Orleans Parish schools is still confided to the appellant Board, it is still the proper party to be made subject to any proper court order touching upon the manner of the operation of the schools under its control.

Judgment affirmed.

On Petition for Rehearing.

TUTTLE, Circuit Judge.

The petition for rehearing is DENIED. Since it appears from appellant's petition for rehearing, citing the two Supreme Court cases most recently applying the principle of federal court abstention from ruling on the constitutionality of, or construing, state laws until they are interpreted by the state courts, Louisiana Power & Light Co. v. City of Thibodaux, 79 S.Ct. 1070, and Harrison v. National Association for the Advancement of Colored People, 79 S.Ct. 1025, that it does not understand the basis of our decision, we shall attempt to make more clear what was decided in the short per curiam opinion.

■ Nothing in either of these cases touches upon the issue before us. No cause for abstention by the federal court is shown merely because a suit is brought against state officials whose conduct may be affected by untested state legislation. It is only when the federal court is called on to interpret such state statute or rule on its constitutionality that the rule applies.

In the first of these two cases the trial court was called upon to construe a Louisiana statute. The entire issue before the district court was to be resolved by such construction. In the Harrison case the suit before the three-judge federal court was for the purpose of attacking the constitutionality of the Virginia statute, which had not been construed by the Virginia courts. The court pointed out that the state court construction of it might obviate the necessity for the federal court to make a decision as to its constitutionality.

Here, it has been held repeatedly that the appellant School Board cannot legally continue to operate the public schools confided to its management on a racially segregated basis. No statute of the State of Louisiana can make such management of the schools legally permissible. It makes no difference how the state laws may be changed in order to

take away from the Board the power to change the operation of the schools to a non-segregated basis. The Board still cannot operate them illegally. The plaintiffs, under long recognized principles, enunciated by us in Orleans Parish School Board v. Bush, 5 Cir., 242 F.2d 156, can, by injunction, prevent the operating agency from acting on behalf of the state in an illegal manner to their injury. Thus, this Board is still the only proper party to be enjoined and it is subject to injunction even though the state in its wisdom might see fit to deprive it of the power to operate legally.

We do not reach any question of construction of the state laws at all, once it is determined that this defendant is the agency engaged in the operation that has now been held to be illegal as to these plaintiffs. No conceivable construction of the state statute can affect this result in the slightest degree. Moreover, it must be borne in mind that this is not a diversity action, but it is an action brought by citizens of the State of Louisiana by virtue of a federal law giving the district court jurisdiction to entertain such a suit. There was no basis for the trial court to abstain from proceeding to a final decision and order in the case, and no basis for us to remand it for a stay.