EAST BATON ROUGE PARISH SCHOOL BOARD and Lloyd Funchess, Superintendent of Said School Board, Appellant,

v.

Clifford Eugene DAVIS, Jr., a minor by his father and next friend, Clifford Eugene Davis, Sr., et al., Appellees.

Robert O. McCRAINE, Jr., et al., Appellants,

v.

Clifford Eugene DAVIS, Jr., a minor by his father and next friend, Clifford Eugene Davis, Sr., et al., Appellees.

No. 18524.

United States Court of Appeals Fifth Circuit.

Feb. 9, 1961.

Rehearing Denied April 13, 1961.

J. Y. Sanders, Jr., J. St. Clair Favrot, Dist. Atty., Baton Rouge, La., William P. Schuler, Asst. Atty. Gen., of La., Wade H. Heaton, Sargent Pitcher, Jr., Dist. Atty., Ralph L. Roy, Jack P. F. Gremillion, Baton Rouge, La., Carroll Buck, Amite, La., John F. Ward, Jr., Asst. Dist. Atty., Baton Rouge, La., for appellants.

A. P. Tureaud, New Orleans, La., Constance Baker Motley, New York City, A. M. Trudeau, Jr., Ernest N. Morial, New Orleans, La., Thurgood Marshall, New York City, for appellees.

Before TUTTLE, Chief Judge, JONES, Circuit Judge, and MIZE, District Judge.

TUTTLE, Chief Judge.

Most of the questions raised by this appeal have been disposed of adversely to the appellants in the companion case of St. Helena Parish School Board et al. v. Hall et al., 5 Cir., 287 F.2d 376. The contentions, (1) that this action is a suit against the State, and (2) that it fails to state a cause of action because the State of Louisiana has adopted a pupil placement law, are fully dealt with there, as they have been previously. There is no profit in belaboring them further.

The same may be said as to the appeal of the intervenor whose petition to intervene as the parent of white children was denied by the trial court.

Here, too, the appellants contend that the posture of the case was such that the motion for summary judgment, which was granted at the same time as that in the St. Helena case, was not appropriate because there were fact issues that required a full trial. Not only is this

contention answered by the undisputed fact that the defendant was continuing to operate the schools of its parish in accordance with the state laws then on the statute books, which required racially segregated schools, but here there was the following testimony of the parish school superintendent:

"Q. * * * You are in a general way familiar with the fact that the Supreme Court of the United States did issue a decree which said substantially that racial segregation in public education in the United States is unlawful—you are generally familiar with that? A. That is correct.

"Q. Has your Board made any effort to comply with that decree? A. I would think not.

"Q. Thank you, sir. When you make these assignments of children as they come to you, do you have in mind any consideration of their race and color? A. We do.

"Q. And do you assign them on a basis of race? A. Accordingly. Yes.

"Q. Do you have in consideration any thought of their religion? A. No, sir.

"Q. You don't assign them on the basis of religion? A. No.

"Q. Do you assign them on the basis of their political parties? A. No, sir.

"Q. Do you assign them on the basis of their economic income? A. No, sir.

"Q. Solely on the basis of race. A. That is correct. Yes.

"Q. And as far as you know, the schools of your parish, East Baton Rouge Parish, are operated consistent with the laws of the State of Louisiana. A. That is correct.

* * * * * *

"Q. * * * Doctor, if a Negro parent, or parents, came to you and asked you to assign their children on to the public schools in the East Baton Rouge Parish School district on any other basis than their color, would you make such an assignment? A. Not under the policies of the Board."

■ It being undisputed that the defendant board was operating its schools on a racially segregated basis and was requiring all students of each race to attend schools separately maintained for that race the plaintiffs were entitled to have a declaratory judgment declaring such practice to be illegal and an injunction that such practice be terminated.

■ The appellants criticize the District Court for not abstaining from action under the rule most recently announced by the Supreme Court in Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed. 2d 1058, and Harrison v. National Association for the Advancement of Colored People, 360 U.S. 167, 79 S.Ct. 1025, 3 L. Ed.2d 1152. The obvious answer to this contention is that we do not here construe the Louisiana Pupil Placement Law, LSA–R.S. 17:101 et seq. We hold merely that whatever assignments may be made by the parish school board whether under a state pupil placement law, if held valid, or under any other policy of transfer or admission, the race or color of the pupil can not be a factor entering into such assignment. We have already dealt with such contention in the order denying motion for rehearing in the third appearance of Orleans Parish School Board v. Bush, 5 Cir., 268 F.2d 78, where on page 80 we said, "It is only when the federal court is called on to interpret such state statute or rule on its constitutionality that the rule (of abstention) applies." Also, we said there, "No conceivable construction of the state statute can affect this result in the slightest degree." No ground for abstention exists here.

We find no merit in the contention that the trial court erred in not requiring the National Association for Advancement of

Colored People to become a party to the suit. It was in no sense an indispensable party.

The contention that the trial court erred in not invoking a three judge district court is without substance under the holding of the Bush case that there is no substantial constitutional question presented by the complaint. Moreover, no state statute was ruled on by the trial court.

The judgment is Affirmed.